## TOWN OF BATESBURG v. MITCHELL.

1. APPEAL—FINE—PROTEST.—A defendant convicted by town council of violation of municipal ordinance cannot appeal from judgment and sentence of town council, after paying under protest fine imposed. *Lexington* v. *Wise,* 24 S. C., 163, *distinguished from this.*

2. NOTICE.—A defendant appearing before town council after arrest and voluntarily leaving before trial, after notice that trial was about to proceed, is sufficiently notified, under ordinance requiring notice in writing.

3. APPEAL—EXCEPTIONS.—Facts stated only in exceptions will not be considered on appeal.

Before GARY, J., September, 1898. Affirmed.

Indictment by town of Batesburg against L. M. and J. Walter Mitchell for violation of town ordinance. Upon appeal from judgment and sentence of town council to the Court of General Sessions, the following order was made:

"This case was heard by me on appeal from the sentence

of the town council of the town of Batesburg upon an agreed state of facts. The facts were orally stated, and are substantially as follows: The defendants, L. M. Mitchell and J. Walter Mitchell, were convicted before the town authorities of Batesburg on the 18th day of April, 1898, for violating an ordinance of said town, and were sentenced to pay a fine each of $25 or labor on the streets of Batesburg for a period of thirty days. After the above named sentence the defendants gave notice of appeal to this Court, and (instead of the bond required to stay the execution of said sentence) they paid to the proper authorities *the amount of said fine under protest.* No appeal bond was executed, the appellants contending that the payment of the fine under protest would dispense with the requirement of the bond to stay the sentence.

"Upon the call of the case the solicitor moved to dismiss the appeal on the ground that the defendants, having paid the *amount of the fine* imposed by the authorities of said town of Batesburg, that ended the case, and there was nothing from which an appeal could be taken. The defendants contend that, having paid the fine under protest, they are properly before the Court; and rely upon the case of *The Town of Lexington* v. *Wise and Banks,* reported in 30 S. C. I am of the opinion that the appeal should be dismissed for the reason taken by the solicitor. I think there is nothing from which an appeal can be taken. Concede the fact that there were errors on the part of the town authorities of Batesburg. And suppose, for the sake of argument, I should sustain the appeal and order a new trial of the case, the town authorities would very properly say, we have no charge against these defendants and refuse to try the case. That course would put an end to the case. I presume the defendants would then demand a return of the money, but that would be no answer to this case, that cause might or might not give rise to a civil action, but with that we have nothing to do at this stage of the question now before the Court. No, the defendants have complied with the judg-

ment of the town council, and that ends it.   Suppose they had elected to serve out the other alternative of the sentence—worked on the streets of said town for thirty days—could it be argued that after they had worked the allotted time an appeal could be heard from said sentence, even though they filed a protest on every day they were required to labor?    I think not.   The defendants have discharged themselves from any sentence that the town had against them by complying with the terms, viz: paying the fine imposed, and that put an end to the case.    I have carefully read the case'cited by the appellants' counsel—*Town of Lexington* v. *Wise*—and find the facts are not the same.    In the Lexington case, the authorities contended that an appeal did not lie from their sentence, and refused to accept an appeal bond, and forced the defendant either pay the fine or perform the other condition of the sentence.    The Circuit Court held that an appeal did lie from such sentence, and the Supreme Court sustained this ruling.    But I fail to find anywhere in the opinion of the Supreme Court any foundation for the proposition of law that is here invoked, that *if a defendant* pays his fine under protest, he can still appeal.    The mode of appeal from the municipal court of Batesburg is fixed by statute, and that mode must be pursued.

"It is, therefore, ordered that the appeal be dismissed."

The defendants appeal on following exceptions: "1st. Because the Court erred in holding that the appeal from the municipal court of the town of Batesburg should be dismissed, because the defendants having paid the amount of the fine imposed by the authorities of the said town of Batesburg under protest, and in lieu of a bond, pending an appeal to the Supreme Court, there was nothing from which an appeal could be taken.    2d. Because the Court erred in holding, 'No, the defendants have complied with the judgment of the town council, and that ends it.'    3d. Because the Court erred in holding that the defendants 'Were sentenced to pay a fine each of $25 or labor on the streets of

Batesburg for a period of thirty days.' 4th. Because the Court erred in holding that the defendants have discharged themselves from any sentence that the town had against them by complying with the terms, viz: 'paying the fine imposed, and that put an end to the case.' 5th. Because the Court erred in dismissing the appeal herein. 6th. (Withdrawn.) 7th. (Withdrawn.) 8th. Because the Court erred in not holding that said town council had committed an error of law in failing to issue, and to have the same served upon the said L. M. Mitchell and J. Walter Mitchell, a warrant of arrest charging the said defendants with riotous conduct on the streets; and, also, in further failing to summons in writing, the said defendants to appear before said council and stand trial before them upon the charge of riotous conduct on the streets, when section 4 of ordinance III. of said town of Batesburg provides: "That every person or persons against whom any information is exhibited, shall be summoned by note in writing served upon him or her, or left at his or her usual place of abode by any officer of council, to appear before them to answer the charge,' &c. 9th. Because the Court erred in not holding that said town council had committed an error of law in trying and pronouncing judgment and sentence upon the defendants, in their absence and without notice to them, upon the charge of riotous conduct on the streets. 10th. (Withdrawn.) 11th. Because the Court erred in not holding that said town council had committed an error of law in assuming jurisdiction to try and pronounce judgment against the defendants for the alleged offence, when the testimony taken at said trial fails to show that said alleged offence was committed within the corporate limits of said town of Batesburg. 12th. Because the Court erred in not holding that the sentence pronounced against the defendants by said town council is erroneous and unlawful, because the same is indefinite and uncertain, the language of said sentence being as follows: 'Mr. Walter Mitchell and Dr. Mitchell were found guilty for riotous conduct on the streets of Batesburg, on Saturday, April 16,

1898, and they were fined $25 *each* or thirty days each on the streets.' "

*Mr. J. Brooks Wingard,* for appellants, cites: *Does our statute require an appeal bond?* 14 Stat., 371; 19 Stat., 358; Code, 358; 32 S. C., 1; 16 Stat., 239, 243. *Municipal court never acquired jurisdiction of these appellants:* Crim. Code, sec. 19.

*Mr. Hunter A. Gibbes,* for Solicitor Thurmond, cites: *As to jurisdiction of Batesburg town council:* 15 Stat., 239. *Appeal therefrom:* Crim. Code, 67-73. *Bond necessary:* Gen. Stat., 2649; Crim. Code, 73; 24 S. C., 165; 2 Ill., 289; 12 Ill., 77; 10 Tex., 558; 25 Ala., 471; 18 Me., 219; 1 N. Y., 606; 55 Cal., 316.

September 17, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from the judgment of his Honor, Judge Ernest Gary, dismissing the appeal of the defendants from the sentence imposed upon them by the town council of Batesburg for violating one of the ordinances of said town. It seems to be conceded that the town council of Batesburg is invested by the charter of said town with all the powers and duties of a trial justice (now magistrate) in the trial of persons charged with a violation of any of the ordinances of said town; and hence their proceedings must be governed by the laws regulating the trial of persons charged with any violation of the criminal law by a trial justice or magistrate which are within the jurisdiction of such officers. In sec. 66 of 2 Rev. Stat., 281, it is provided that every person convicted before a trial justice of any offense and sentenced, may appeal from the sentence to the next term of the Court of General Sessions for the county; and in the succeeding sections down to and including sec. 71, the mode by which such appeal may be taken and prosecuted is prescribed. After providing in sec. 67 the time within which the notice of appeal must be served upon

the trial justice, it is provided in sec. 68 that within ten days
after such service the trial justice shall file in the office of
the clerk of the Court a report or return of the proceedings
before him, together with the notice of appeal; and then in
sec. 69 it is provided as follows: "Upon service of said no-
tice, the said trial justice shall, on demand of the defendant,
admit him to bail in such reasonable sum, and with good
sureties, as said trial justice may require, with conditions to
appear at the court appealed to, and at any subsequent term
to which the case may be continued, if not previously sur-
rendered, and so from term to term until the final decree,
sentence or order of the court thereon, and to abide such
final sentence, order or decree, and not to depart without
leave, and in the meantime to keep the peace and be of good
behaviour." In pursuance of these provisions the town
council of Batesburg (_pro hac vice_ the trial justice or magis-
trate) duly made return to the Court of Sessions of its pro-
ceedings, in which, amongst other things, it appears that:
"on the 18th day of April, A. D. 1898, both the defendants
were arrested by S. Altman, a legal marshal of said town,
duly sworn and empowered to act as such, that each of said
defendants, L. M. Mitchell and J. Walter Mitchell, appeared
at the usual place of judicature of said council, and at the
time set for said trial, and after each of said defendants had
made a statement * * * they departed from the place of
trial after they had been duly notified that the trial would
proceed." The return proceeds to show how the council
was organized for trial—the regular intendant being related
to the prosecutor, did not sit, and one of the wardens being
related to the defendants, did not sit, and the case was tried
by one of the wardens, elected by council as intendant _pro
tem.,_ and the other two wardens. After hearing the testi-
mony and mature consideration, both of the defendants were
convicted, and each was sentenced to pay a fine of $25 or to
work on the streets of Batesburg for a period of thirty days.
It further appears in the return that the defendants were
each notified in writing on the day of the trial, of their con-

viction and sentence: "that the defendants defied the town authorities, and refused to pay their said fines or work on the streets of said town, as required by the judgment of said council." "Thereupon the intendant *pro tem.* issued his warrant, requiring the said marshal to arrest the said defendants, and in case they refused to pay their fines, to lodge them in the guard house and compel them to work on said streets. Accordingly the defendant, J. Walter Mitchell, was arrested on the 21st of April, 1898, and upon paying his fine was released from custody; and on the same day the other defendant, L. M. Mitchell, paid his fine, without being arrested and without any objection." The notice and grounds of appeal to the Circuit Court, as set out in the "Case," were served on the 23d of April, 1898.

The judgment of the Circuit Court, together with the grounds of appeal therefrom, are set out in the record, and should be incorporated by the reporter in his report of the case, except the sixth, seventh and tenth grounds of appeal, which having been withdrawn at the hearing, need not be included.

The first, second and fourth grounds of appeal impute error to the Circuit Judge in holding that by the payment of the fines imposed upon the defendants, the case was at an end, and there was nothing left from which the defendants could appeal. In this there was no error. As we have seen, the statute provides how an appeal may be taken in a case like this; and makes special provision as to how a party convicted may avoid compliance with the sentence pending his appeal, and we are at a loss to perceive by what authority these defendants could substitute any other mode of obtaining that end than the mode specially provided by the statute. There can be no doubt that an appellate tribunal cannot, and will not, do such a nugatory act, as to hear an appeal from a sentence which has already been complied with; for that would be to decide a mere speculative question; and this, it has been frequently held, the Court will not do. *Ex parte Pereira,* 6 Rich., 149;

*State* v. *Gathers,* 15 S. C., 370.   See, also, *Smith* v. *United States,* 94 U. S., 97; *Bonahan* v. *Nebraska,* 125 U. S., 692. It is urged, however, that the fines here having been paid "under protest," takes this case out of the operation of the general rule.   We do not think so.   In the first place, there was nothing in the record which was before the Circuit Judge to show that these fines were paid "under protest;" but, on the contrary, the record shows the reverse; for in the return made to the Court of Sessions by the town council, it is expressly stated that one of the defendants paid his fine "without being arrested, and *without objection,*" while in the case of the other defendant it is simply stated that upon his arrest he paid his fine and was released from custody. But as the Circuit Judge states, in his judgment, that the case was heard by him on "an agreed statement of facts" made orally, one of which was that the fines were paid under protest, we will waive this point and assume, for the purposes of this discussion, that the fines were in fact paid under protest.   But in our judgment that fact does not alter the case.   We know of no authority by which a person who has been convicted before a magistrate and sentenced to pay a fine, can obtain the advantages of an appeal and staying the sentence imposed upon him, by doing that which the law does *not* provide for, instead of that which the law *does* provide for.   It is not for persons accused and convicted of criminal offenses to choose the modes which suits them best of staying the execution of sentences imposed upon them, pending appeal, but they must adopt the mode specially provided by law for that purpose.   It seems to us, therefore, that even if these fines were paid under the most formal protest, it would not have the effect of staying the sentence pending the appeal, but must be regarded as a compliance with one of the alternatives provided for in the sentence, and as putting an end to the case.   The case of *Lexington* v. *Wise,* 24 S. C., 163, cited by appellant's counsel, is not in point, for two reasons: 1st. The point here considered was not raised, considered or decided in that case.   2d. In that

case the defendant, upon his trial before the town council, demanded a jury and also that the testimony of the witnesses be taken down in writing and subscribed by them. Both of these demands were refused, and defendant was convicted and sentenced to pay a fine of $5 or be confined in the guard house for eight days. He gave notice of appeal, and tendered the bond required by statute, which was refused—the town council holding that he had no right of appeal. He then paid his fine under protest. The Circuit Judge held that he had a right of appeal, that he was entitled to a trial by jury, if demanded, and that the testimony of the witnesses should be taken down in writing and subscribed by them, as the law required. This Court affirmed these rulings of the Circuit Judge; but there was not a word said in regard to the effect of the payment of the fine under protest, as no question in regard to that was either raised or decided. The first, second and fourth grounds of appeal are overruled.

The third ground manifestly cannot be sustained. The fact there objected to is expressly stated in the judgment of the Circuit Judge, as one of the agreed facts upon which he heard the case. Besides, that fact sufficiently appears in other portions of the record.

The fifth ground is clearly too general to be considered.

The first error imputed to the Circuit Judge in the eighth ground of appeal—the failure to issue a warrant and have the same served upon the defendants—is disposed of by the statement in the return of the town council, that the defendants were arrested and appeared at the trial; and if they chose voluntarily to leave before the trial was concluded, that was their own fault, of which they cannot take advantage. The second error imputed in this ground is based entirely upon facts which do not appear in the "Case," and only appears in this exception, and, therefore, cannot be noticed.

The ninth ground is disposed of by what has been said in considering the eighth ground; for the "Case"

shows that the defendants were present at the trial, and if they left before the trial was concluded, it was their own fault, of which they cannot take advantage.

The eleventh ground of appeal is not supported by the testimony in the case, and is flatly contradicted by the finding of the town council that the offense with which defendants were charged was committed "within the town."

· The twelfth ground is based upon a mere quibble upon the words used in the sentence, which could scarcely avail defendants even in the higher jurisdiction, where much greater strictness is required than in the proceedings before a magistrate's court. Besides, the record before us leaves no doubt as to what the sentence really was.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.