# BOARD OF PUBLIC UTILITY COMMISSIONERS *v.* COMPAÑIA GENERAL DE TABACOS DE FILIPINAS.

## APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 253. Submitted March 18, 1919.—Decided April 14, 1919.

Whether § 16 (e) of Philippine Act 2307 violated the Organic Act, c. 1369, 32 Stat. 691, by delegating to the Board of Public Utility Commissioners power to prescribe the contents of reports required of corporate common carriers, has become a moot question since this case was brought to this court, due to an amendment of § 16 (e), which itself prescribes in detail what the reports shall contain and thereby supersedes the order here in question. The judgment is therefore reversed, with directions to dismiss the cause without costs to either party.

34 Phil. Rep. 136, reversed.

THE case is stated in the opinion.

*Mr. Edward S. Bailey* for appellant and plaintiff in error.

*Mr. F. C. Fisher* for appellee and defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

By a judgment rendered March 8, 1916, the court below annulled an order of the Board of Public Utility Commissioners of the Philippine Islands requiring a corporate common carrier to report annually various matters pertaining to its finances and operations, the ground of the judgment being that § 16 (*e*) of Act 2307 of the local legislature, under which the board acted, violated the organic law of the Philippines, c. 1369, 32 Stat. 691, in that it confided to the board the determination of what the reports should contain and therefore amounted to a delegation of legislative power. 34 Phil. Rep. 136. The board brought the judgment here for review, and the carrier now suggests that through a change in the local statute the question on which the judgment turned has become merely a moot one.

After the case was brought here the legislature, by Act 2694, so amended § 16 (*e*) as to cause the section itself to prescribe in detail what such reports should contain and thereby abrogated the provision on which the order was based and which the court held invalid. That provision therefore is no longer in force, and it is to the new provision that the board and carrier must give effect. Even if the original provision was valid, the order made under it became inoperative when the new provision was substituted in its place. Whether the order was based on a valid or an invalid statute consequently has become merely a moot question.

In this situation we are not called upon to consider the propriety of the judgment below, the proper course being,

as is shown by many precedents, to reverse the judgment and remand the cause with a direction that it be dismissed without costs to either party. *United States* v. *Schooner Peggy*, 1 Cranch, 103; *New Orleans Flour Inspectors* v. *Glover*, 160 U. S. 170, and 161 U. S. 101; *Dinsmore* v. *Southern Express Co.*, 183 U. S. 115; *United States* v. *Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U. S. 466; *Berry* v. *Davis*, 242 U. S. 468.

*Judgment reversed. Cause to be dismissed without costs to either party.*