## BROWNLOW ET AL., COMMISSIONERS OF THE DISTRICT OF COLUMBIA, ET AL. *v.* SCHWARTZ.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 95. Argued January 16, 1923.—Decided February 19, 1923.

Before allowance of a writ of error to review a judgment directing issue of a writ of mandamus to compel the granting of a building permit, the permit was issued, the building erected and the property transferred to persons not parties to the cause. *Held,* that, irrespective of the motive for granting the permit, the cause was moot, and, for that reason, the judgment below should be reversed, with directions for dismissal of the petition for mandamus, without costs. P. 217.

50 App. D. C. 279; 270 Fed. 1019, reversed.

ERROR to a judgment of the Court of Appeals of the District of Columbia reversing a judgment of the Supreme Court of the District, which dismissed a petition for the writ of mandamus, and directing that the writ be issued.

*Mr. Robert L. Williams,* with whom *Mr. F. H. Stephens* was on the brief, for plaintiffs in error.

*Mr. W. Gwynn Gardiner* for defendant in error.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The defendant in error, petitioner below, on June 9, 1920, filed a petition in the Supreme Court of the District of Columbia, praying for a writ of mandamus against respondents requiring them to issue to her a permit to erect a building for business purposes on a lot situated on a residence street in Washington. Prior to filing the petition she made preparations to erect the building and applied to the Building Inspector for a permit, which he

declined to issue, upon grounds not necessary to be stated here.

The plaintiffs in error, respondents below, filed an answer to the petition and return to the rule to show cause; and to the answer a demurrer was interposed. On July 6, 1920, the demurrer was overruled, the rule to show cause discharged, and petition dismissed. Upon appeal to the Court of Appeals this judgment was, on February 7, 1921, reversed and the cause remanded with directions to issue the writ as prayed. On March 19, 1921, an application for a rehearing was overruled and on June 13th following, this writ of error was allowed.

On March 14th, after the decision of the Court of Appeals but before the allowance of the writ of error, the permit demanded by petitioner was issued by the Building Inspector, and thereupon the building was constructed. It had been fully completed when the writ of error was allowed. On June 2, 1921, petitioner conveyed all her interest in the property to persons not parties to this cause.

It thus appears that there is now no actual controversy between the parties—no issue on the merits which this Court can properly decide. The case has become moot for two reasons: (1) because the permit, the issuance of which constituted the sole relief sought by petitioner, has been issued and the building to which it related has been completed, and (2) because, the first reason aside, petitioner no longer has any interest in the building, and therefore has no basis for maintaining the action.

This Court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause

which no longer exists is a proceeding which this Court uniformly has declined to entertain. See *Mills* v. *Green,* 159 U. S. 651; *Codlin* v. *Kohlhausen,* 181 U. S. 151; *Little* v. *Bowers,* 134 U. S. 547, 556; *Singer Manufacturing Co.* v. *Wright,* 141 U. S. 696, 699; *American Book Co.* v. *Kansas,* 193 U. S. 49; *United States* v. *Hamburg-American Co.,* 239 U. S. 466, 475; *Berry* v. *Davis,* 242 U. S. 468, 470; *Board of Public Utility Commissioners* v. *Compañia General de Tabacos de Filipinas,* 249 U. S. 425; *Commercial Cable Co.* v. *Burleson,* 250 U. S. 360; *Heitmuller* v. *Stokes,* 256 U. S. 359.

It is urged that the permit was issued by the Inspector of Buildings only because he believed it was incumbent upon him to comply with the judgment of the Court of Appeals and avoid even the appearance of disobeying it. The motive of the officer, so far as this question is concerned, is quite immaterial. We are interested only in the indisputable fact that his action, however induced, has left nothing to litigate. *American Book Co.* v. *Kansas, supra.* The case being moot, further proceedings upon the merits can neither be had here nor in the court of first instance. To dismiss the writ of error would leave the judgment of the Court of Appeals requiring the issuance of the mandamus in force—at least apparently so— notwithstanding the basis therefor has disappeared. Our action must, therefore, dispose of the case, not merely of the appellate proceeding which brought it here. The practice now established by this Court, under similar conditions and circumstances, is to reverse the judgment below and remand the case with directions to dismiss the bill, complaint or petition. *United States* v. *Hamburg-American Co., supra; Berry* v. *Davis, supra; Board of Public Utility Commissioners* v. *Compañia General de Tabacos de Filipinas, supra; Commercial Cable Co.* v. *Burleson, supra; Heitmuller* v. *Stokes, supra.*

Following these precedents, the judgment below should be reversed, with directions to the Court of Appeals to

remand the cause to the Supreme Court with instructions to dismiss the petition without costs, because the controversy involved has become moot and, therefore, is no longer a subject appropriate for judicial action.

*And it is so ordered.*