## In re DALTON.
No. 1089–KB.

First Division. Ketchikan.
May 11, 1932.

W. L. Paul, of Juneau, for petitioner.

HILL, District Judge.

This proceeding is brought by Maxfield Dalton to review a judgment rendered by H. S. Bagley, United States commissioner at Craig, Alaska.

The petition for writ of review and the commissioner's return show that on August 27, 1928, a complaint was filed before said H. S. Bagley as United States commissioner and ex officio justice of the peace at Craig, Alaska, charging the petitioner, Maxfield Dalton, with having fished illegally with a seine before the hour of 6 a. m. on Monday, the 20th day of August, 1928, in the waters of Alaska, on the west coast of Prince of Wales Island in Klawak Inlet; that on the same day, based upon said complaint, said commissioner issued a warrant for the arrest of Maxfield Dalton, who was arrested thereon and brought before him on the 2d day of September, 1928; that defendant immediately pleaded guilty, whereupon the said commissioner, as justice of the peace, made and entered his judgment imposing a fine of $400 and costs of action taxed at $36; and thereupon defendant paid said fine and costs and was released.

The 2d day of September, 1928, was Sunday.

In his amended petition for writ of review, the petitioner complained of the following errors:

"1. The complaint does not state a crime or facts sufficient to constitute a crime.

"2. The trial and proceedings were held on Sunday.

"3. That the plea of guilty was forced upon your petitioner and was not a voluntary plea; that your petitioner offered to put up a bond to secure the release of the said boat during the determination of an admiralty action, which

right was refused, so that he paid the fine under protest, informing the Court at that time that he did protest the entire proceeding and would ask for a review by the District Court.

"4.   That the sentence of the Court was not alternative, but your petitioner had no option of paying the fine or serving the same out in jail, but only that he should pay a fine, which your petitioner did under protest.

"5.   That the costs assessed are excessive and contain items not proper or costs in this case."

On the review petitioner presented no proof as to the allegations of paragraphs 3 and 5 of his petition and no argument in support of those paragraphs or paragraphs 1 and 4, but contended that the judgment was void because of the provisions of chapter 2 of the 1913 Session Laws of Alaska, the pertinent parts of which are:

"Section 1.   The following days are legal holidays, namely: Sunday.   *   *   *

"Sec. 2.   No court shall be open, nor shall any judicial business be transacted on a legal holiday, except:

"1.   To give, upon request, instructions to a jury then deliberating of their verdict.

"2.   To receive the verdict of a jury.

"3.   For the exercise of the powers of a magistrate in a criminal action or in a proceeding of a criminal nature.

"4.   For hearing an application for writ of habeas corpus."

The United States contended: (1) That in the justice court the defendant requested an immediate hearing and expressly waived any objection based upon the illegality of a judgment rendered on a Sunday; and (2) that, since the fine was paid, the questions attempted to be raised upon review became moot, and urged that the writ of review be dismissed, citing Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620, Instructions to United States Judges, etc., for Alaska, § 1314 et seq., and Act March 3,

1909, § 3, 35 Stat. at Large, 840, 841 (48 U.S.C.A. § 106). The government's evidence offered to show petitioner's waiver was contained in a document in the form of a finding signed by the justice of the peace and returned in obedience to the writ. This document is entitled, "Reason for Holding Trial on Sunday," and contains a recital that the defendant requested an immediate hearing so that he might plead guilty, pay the fine, and stop accruing costs, and a finding that costs are accruing at the rate of $5 a day, and that "The Court deems an emergency exists and has had the hearing accordingly." Undated and bearing no filing mark, it is patently an attempt to bring the situation within the provisions of the last clause of the last paragraph of section 1548, C.L.A., which was repealed and superseded by chapter 2 of the 1913 Session Laws of Alaska, quoted above.

■■ Even if such finding of emergency was made at the proper time and had been properly noted on the justice's docket and made a part of the judgment, it would have been nugatory because of the repeal of section 1548. Nor do I think it competent to show that the defendant (petitioner here) requested a judgment on Sunday. At best the document submitted is an ex parte statement not required as a part of a justice's record and not proper evidence of the waiver it alleges. Therefore I have given no consideration to the legal effect of a request by defendant for immediate hearing.

■■ In support of his contention that this judgment is void, the petitioner cites 37 Cyc. page 589, and Ball v. U. S., 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377. Undoubtedly the general rule is that a judgment rendered on Sunday is void, but that does not dispose of the government's contention that the case is now moot. Courts act upon concrete live questions, and, if this case is moot by reason of defendant's voluntary payment of the fine imposed, I am not concerned with the validity of the judgment. Petitioner's counsel cited on this point 3 C.J. 676, which

is a portion of the title "Appeal and Error," subhead "Voluntary Payment, Performance or Satisfaction," section 550, the pertinent parts of which are as follows: "In some jurisdictions it has been held that the voluntary payment, performance, or satisfaction of a judgment, order, or decree is a waiver of the right to maintain an appeal or writ of error to reverse the same, even though it is stipulated or agreed between the parties that, in case of a reversal on appeal, the amount paid shall be repaid, as this does not serve to keep a judgment alive for the purpose of review. The prevailing rule, however, is that even a voluntary compliance with the judgment or decree of the court by payment or performance, is no bar to an appeal or writ of error for its reversal, particularly where repayment or restitution may be enforced, or the effect of compliance may be otherwise undone, in case of a reversal. And it has further been held that it is immaterial whether the money paid can be recovered back or not, since the erroneous judgment is itself an injury from which the law will presume damages. But this rule does not apply, and an appeal or writ of error will be barred where the payment or performance is by way of compromise or agreement to settle the controversy; where it is under such circumstances as to amount to a confession or recognition of the correctness and validity of the judgment, or to an acquiescence therein; or where the judgment, order, or decree appealed from is of such a nature that the compliance therewith leaves nothing upon which a judgment of reversal can operate, so that only a moot question remains; unless, in some · jurisdictions, such right was specially reserved."

Petitioner contends that, since in Alaska money received from fines is placed in what is known as fund C, which is in the custody of the clerk of court and is paid out on order of the judge of the District Court, "repayment or restitution may be enforced or the effect of compliance may be otherwise undone in case of reversal." He argues that, if on review it appears that the judgment against him is void, the judge of this court can hand him back his money from

fund C and therefore, within the rule laid down by Corpus Juris, the case is not moot.

Fund C exists by virtue of an Act of Congress of June 6, 1900, 31 Stat. at Large 324, as amended, Compiled Laws Alaska, § 367 (48 U.S.C.A. § 106). The applicable language is: "He [Clerk of District Court] shall also collect and receive all moneys arising from fees of his office, from licenses, fines, forfeitures, judgments, or on any other account authorized by law to be paid to or collected by him, and shall apply the same, except the money derived from licenses, to the *incidental expenses* [Italics mine] of the proper division of the district court and the allowance thereof as directed in written orders, duly made and signed by the judge, and shall account for the same in detail, and for any balances on account thereof, under oath, quarterly, or more frequently if required, to the court, the Attorney General, and the Secretary of the Treasury."

The fund is the property of the United States as fully as if it had been covered into the United States Treasury. In paying it out, the clerk of court and the judge are limited to the incidental expenses of the court. I do not consider that return of a fine voluntarily paid is an incidental expense of the court.

This case cannot be distinguished on principle from State v. Pray, 30 Nev. 206, 94 P. 218. Pray and Langdon were jointly indicted, tried, and convicted. Both appealed. Langdon remained in custody, and Pray paid his fine under protest to the clerk of court, who did not cover it into the state fund, but held it under a stipulation with Pray that the payment should not prejudice Pray's right to appeal. As to Langdon, the Supreme Court held that the trial court had no jurisdiction, and the judgment rendered against him was void, but, as to Pray, they held the case moot and dismissed his appeal. In Washington v. Cleland, Judge, 49 Or. 12, 88 P. 305, 124 Am.St.Rep. 1013, which was mandamus by Nellie Washington to compel John B. Cleland, as judge of the circuit court for the county of Multnomah,

to sign a bill of exceptions in a criminal case against her, the Oregon Supreme Court held that, although she had given notice of appeal and served and filed the same immediately after judgment was entered against her and had presented a bond with sufficient sureties to the defendant Cleland, the appeal became moot when she paid her fine. Delivering the opinion of the court, Judge Hailey said:

"In Batesburg v. Mitchell, supra [58 S.C. 564, 37 S.E. 36], the defendants paid their fines under protest, and yet the court said:

" 'We know of no authority by which a person who has been convicted before a magistrate and sentenced to pay a fine can obtain the advantages of an appeal and staying the sentence imposed upon him, by doing that which the law does not provide for, instead of that which the law does provide for. It is not for persons accused and convicted of criminal offenses to choose the mode which suits them best of staying the execution of sentences imposed upon them, pending appeal; but they must adopt the mode, specially provided by law for that purpose.' * * * Nor could the officers of the court receive the payment which she made for any purpose other than as a payment of the fine and release the plaintiff. The payment, therefore, must be considered as a voluntary payment of the fine. The fact that she made it to avoid going to jail does not make it any the less voluntary." Washington v. Cleland, 49 Or. 12, 88 P. 305, 124 Am.St.Rep. 1013.

It has been called to my attention that this court has ordered fees illegally collected to be repaid from fund C and that similar payments have been made by judges in other divisions. In this court such payment has been made only in cases where the fee illegally collected was retained by the officer from funds in the officer's hands. In such cases the payment was not voluntarily made, neither was the person from whom the fee was taken paying it to avoid compliance with the provisions of the law, and the principles in-

volved are plainly different from those governing the case at bar.

Even if this case is held not moot and the justice's judgment is held void, it does not follow that this court must discharge the defendant. The opinion of Judge Beatty of the Supreme Court of California in Re Smith, 152 Cal. 566, 93 P. 191, is conclusive on this point.

There is no question here involving a denial of his right to trial to defendant in the justice's court. He there solemnly admitted his guilt, an admission competent as a confession, even if ineffective as a plea by reason of being made on a holiday, paid his fine, and walked away, having entirely settled the matter in dispute. He clearly comes under the rule set forth in the citation above from Corpus Juris: "An appeal or writ of error will be barred, where the payment or performance is by way of compromise or agreement to settle the controversy, where it is under such circumstances as to amount to a confession or recognition of the correctness and validity of the judgment, or to an acquiescence therein."

We are here dealing with a technical defense depending on the chance of a day. Were the Julian calendar still in force, September 2, 1928, would not have been Sunday.

■ I have no doubt the case is moot, and petitioner's writ of review should be dismissed.

An order of dismissal may be drawn and presented for signature.