**WYNNE, Supervisor of Permits, v. KUTZ.**

No. 4859.

Circuit Court of Appeals, Third Circuit.

Sept. 23, 1932.

Rehearing Denied Dec. 24, 1932.

Edward W. Wells, U. S. Atty., Joseph Millenson, Sp. Asst. to the Atty. Gen., Richard H. Woolsey, and Edw. C. Dougherty, all of Philadelphia, Pa., for appellant.

J. L. Aaron, Wm. A. Gray, and Benjamin M. Golder, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

Charles H. Kutz, trading as the Bushkill Products Company, applied to the supervisor of permits for the renewal of his permit to operate a cereal beverage plant during the year 1931. The merits of the application were considered at a departmental hearing on February 4, 1931, and the supervisor refused to issue Kutz a permit. The District Court reviewed the action of the supervisor, and, on December 29, 1931, filed its opinion, in conformity to which a decree, reversing the decision of the supervisor and ordering him to issue a permit for the year 1931, was entered on January 29, 1932.

The complainant, Kutz, on a motion for reargument, called the attention of the District Court to the fact that the decree of the court, ordering a permit to be issued for 1931, did not give him the relief sought since that year had expired. The District Court thereupon granted a reargument, and, in modifying its decree of January 29, entered the following decree on February 5, 1932, which provides:

"1. That the order of the defendant, Samuel O. Wynne, in refusing complainant a permit to manufacture cereal beverages under the National Prohibition Act, be and the same is hereby reversed.

"2. That the said defendant is directed and ordered to issue to the complainant, Charles H. Kutz, trading as the Bushkill Products Company, a permit to manufacture cereal beverages under the National Prohibition Act, for the year expiring December 31, 1932."

From this decree the supervisor appealed to this court.

The first paragraph of the decree, reversed the action of the supervisor in refusing to issue a permit for 1931. The second paragraph ordered him to issue a permit to Kutz for 1932, which, the court thought, legally followed the reversal of the supervisor in refusing a permit for 1931.

As to the first paragraph of the decree, this court will not consider the merits of a question which is purely moot. Wynne v. Harrison Beverage Company (C. C. A. 3) 59 F.(2d) 734 and Wynne v. Union City Brewing Company, 59 F.(2d) 733 (C. C. A. 3); Commonwealth Company v. Campbell, 42 F.(2d) 573 (C. C. A. 2); Rahayel v. McCampbell, 55 F.(2d) 221 (C. C. A. 2); American Book Company v. Kansas, 193 U. S. 49, 24 S. Ct. 394, 48 L. Ed. 613; Brownlow v. Schwartz, 261 U. S. 216, 43 S. Ct. 263, 67 L. Ed. 620. And so the appeal is dismissed as to the 1931 permit.

The second question for this court to decide is whether or not, in reversing the action of the supervisor in refusing to issue a permit for 1931, the court may exercise the power conferred upon the Commissioner by section 6 of title 2 of the National Prohibition Act (27 USCA § 16), which provides that: "All permits to manufacture, prescribe, sell, or transport liquor, may be issued for one year, and shall expire on the 31st day of December next succeeding the issuance thereof: Provided, That the commissioner may without formal application or new bond extend any permit granted under this chapter or laws now in force after August 31 in any year to December 31 of the succeeding year."

The statute expressly authorizes the Commissioner alone (and his designated agents) to extend permits granted after August 31st of one calendar year to the end of the next year without formal application or new bond. Whether or not he will do so is a matter resting in his discretion alone. When he grants a permit after August 31st, with-

out extending it for another year, a court may not review it because it was purely discretionary with him.

In addition, the power of the court is confined to a review of what the Commissioner does or refuses to do in matters which come before him for decision. No application was made for a permit for 1932, and the supervisor never passed upon the question of the extension of the 1931 permit. For this reason also the court could not review the question of the failure to extend the permit and order the supervisor to do so.

If the act had provided that, when the Commissioner granted a permit after August 31st of any year, he *must* extend it for another year without formal application or new bond, then, upon review of his action, the direction of the court to him to issue the permit which he had refused would automatically carry with it the extension for another year. But, since the extension of the permit is permissive and not mandatory, the court may not order its extension.

So far as the appeal relates to the second paragraph of the decree, it is reversed.