## SER–ATT B. FIELD v. WYNNE, Supervisor of Permits, et al.

### No. 4881.

Circuit Court of Appeals, Third Circuit.

Jan. 30, 1933.

Michael Serody, of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., Joseph Millenson, Sp. Asst. U. S. Atty., and Edward C. Dougherty, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing a bill of complaint filed by the appellant, Ser-Att B. Field. The appellant sought a review of the action of the Supervisor of Permits and the Commissioner of Industrial Alcohol in refusing to issue to him a 1931 permit authorizing him to use specially denatured alcohol in the manufacture of toilet water and hair tonic for that year.

The bill of complaint was filed July 30, 1931, and the decree of the District Court dismissing the bill was entered December 21, 1931. The appeal was not taken until March 21, 1932. It is apparent from a mere recital of the pertinent dates that the entire question whether the appellees were justified in refusing the 1931 permit has now become moot. We would be acting strictly in conformity with our prior rulings were we to refuse to render a decision in a moot question. Wynne v. Harrison Beverage Company (C. C. A.) 59 F.(2d) 734; Wynne v. Union City Brewing Company (C. C. A.) 59 F.(2d) 733; Wynne v. Kutz (C. C. A.) 61 F.(2d) 870.

The contention of the appellant is that the question is not moot because his application was for the renewal of a permit, and not for an original permit. The appellees, in order to sustain their position that the application was for an original permit, presented evidence that the permit, under which the appellant had operated for the year 1930, had been surrendered by him. The appellant admitted that the 1930 permit had been delivered to the respondents, but insisted that the surrender was made without his knowledge or consent. The District Court settled the issue of fact raised by the conflicting testimony by a finding that the permit had been voluntarily surrendered by the appellant. There is sufficient evidence to sustain the court's finding. We might rest our decision solely on the ground that the question has now become moot.

We have, however, considered the question whether the action of the appellees, in refusing to issue a permit for the year 1931, was arbitrary, capricious, and unsupported by the evidence. Section 4 of Title 2 of the National Prohibition Act (27 USCA § 13) reads: "Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c, and d of this section for beverage purposes, * * * or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes, * * * shall be subject to the penalties provided in section 46 of this chapter."

It appears from the evidence that the appellant was entitled to withdraw 4,000 gallons of specially denatured alcohol each month for use in the manufacture of toilet water and hair tonic. The 4,000 gallons of alcohol were withdrawn and manufactured within a few days, and the entire product was then shipped to two purchasers. No orders

were solicited by the appellant. The appearance of the business premises maintained by the two purchasers was not such as is usual to concerns engaged in an honest business enterprise. The purchasers refused to disclose to government agents what disposition was made of the product obtained by them from the appellant. Government agents at one time found the purchasers engaged in emptying the appellant's product into metal drums, and found on the person of one of the purchasers directions for redistilling the product so as to yield a potable beverage. Although the appellant did discontinue selling directly to these persons after he was warned of their questionable character, he continued to sell to a son of one of the former purchasers. The effect of this testimony is to justify the appellees in the conclusion reached by them that the appellant was selling his products under circumstances from which he, in the language of section 4 of title 2, might reasonably deduce the intention of the purchaser to use them for beverage purposes. Their action in refusing to grant the appellant a permit for the year 1931 was in conformity with the clear intent of the National Prohibition Act.

The decree is therefore affirmed.