[Crim. No. 4115.   Second Dist., Div. Three.   July 30, 1947.]

In re EMANUEL ROSEGARTEN, on Habeas Corpus.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

Morris Lavine for Respondent.

SHINN, Acting P. J.—The People have taken an appeal from an order of the Superior Court of Los Angeles County made on September 3, 1946, releasing Emanuel Rosegarten from the custody of the sheriff of Los Angeles County and the Adult Authority, Department of Corrections, after hearing upon a writ of habeas corpus.

Rosegarten was a parolee from the state prison at San Quentin; he was arrested in Los Angeles County upon charges of receiving stolen property and violation of the Deadly Weapons Act [Stats. 1923, p. 695, as amended; 1 Deering's Gen. Laws, Act 1970]; thereafter, the Adult Authority made an order suspending his parole pending disposition of said criminal charges; thereafter, upon the report of the Chief

State Parole Officer the Adult Authority revoked respondent's parole and ordered him into the custody of the warden of the state prison at Folsom; thereafter, respondent pleaded guilty to the offenses of receiving stolen property and violation of the Deadly Weapons Act and was sentenced to imprisonment in the county jail; after the expiration of said sentence respondent was held in custody by virtue of a warrant theretofore issued by the Adult Authority pursuant to the revocation of his parole; a writ of habeas corpus was issued upon respondent's petition and he was discharged from custody by order of the Superior Court of Los Angeles County, following which order the People took the present appeal. When the matter was called for hearing the attorney general presented to the court and there were ordered filed a statement purporting to be in the handwriting of respondent and an affidavit of respondent transmitted with a letter from the Adult Authority, by which statement and affidavit respondent declared that he was surrendering himself to the custody of the Bureau of Paroles, Department of Corrections, pursuant to the order of the Adult Authority revoking his parole and that he thereby waived all rights regarding his custody by virtue of the writ of habeas corpus theretofore granted. The matter was continued at the request of respondent's attorney for sufficient time to allow him to communicate with respondent; thereafter, there was submitted to the court a written statement of the attorney informing the court that he had been directed by respondent from the state prison at Folsom to abandon all proceedings for respondent's release from custody.

The questions involved on the appeal have become moot and the appeal should not be considered on the merits.

The order would become final if the appeal should be dismissed and would direct the Adult Authority to release respondent from custody to which he has voluntarily submitted. This absurd result, which respondent, himself, does not seek, should be avoided. The order should be vacated. In a practical sense it has been nullified by respondent's resubmitting himself to custody. Moreover, due to changed conditions, brought about by respondent's voluntary act, the order cannot serve as a determination as to the lawfulness of respondent's confinement as of the date the order would become effective. It could, therefore, operate to bring

about only an unjust result either by accomplishing respondent's release from custody or as a possible basis for a claim of res judicata as to the legality of the order revoking the parole and respondent's subsequent detention. (39 C.J.S. p. 695, et seq.; 25 Am.Jur. p. 251, et seq.)

We, therefore, have a situation in which the People have suffered an adverse judgment, have taken an appeal, and pending the appeal, through the voluntary action of respondent the questions involved here become moot and the People have been thereby deprived of the opportunity to have the appeal considered on the merits. Moreover, the situation in which the order was intended to operate no longer exists and the legality of respondent's present confinement is not involved or questioned by him.

While the situation is one for which we have found no precise precedent, a satisfactory guide for our action is found in the practice of the Supreme Court of the United States in similar circumstances. In *Brownlow* v. *Schwartz,* 261 U.S. 216, 218 [43 S.Ct. 263, 67 L.Ed 620], the court said: "The case being moot, further proceedings upon the merits can neither be had here nor in the court of first instance. To dismiss the writ of error would leave the judgment of the Court of Appeals requiring the issuance of the mandamus in force—at least apparently so—notwithstanding the basis therefor has disappeared. Our action must, therefore, dispose of the case, not merely of the appellate proceeding which brought it here. The practice now established by this court, under similar conditions and circumstances, is to reverse the judgment below and remand the case with directions to dismiss the bill, complaint, or petition. [Citing authorities.]" The practice was followed in *United States* v. *Hamburg-Amerikanische P.-A. Gesellschaft,* 239 U.S. 466 [36 S.Ct. 212, 60 L.Ed. 387]. In considering what course would be "most consonant to justice" in view of the conditions and circumstances of the particular case, the court said (p. 478): "Coming to consider the question in that light, and in view of the nature and character of the conditions which have caused the case to become moot, [the advent of a state of war] we are of opinion that the ends of justice exact that the judgment below should not be permitted to stand when, without any fault of the government, there is no power to review it upon the merits, but that it should be reversed and the case be remanded to the court below with directions to

dismiss the bill without prejudice to the right of the government in the future to assail any actual contract or combination deemed to offend against the anti-trust act.''

The order is reversed for the purpose of restoring the matter to the jurisdiction of the superior court, with directions to vacate the order and dismiss the proceeding without prejudice.

Wood, J., and Kincaid, J. pro tem., concurred.