**MORRISON CAFETERIA COMPANY OF NASHVILLE, INC., Plaintiff-Appellee,**

v.

**Mitchell Lee JOHNSON et al., Defendants-Appellants.**

**No. 16219.**

United States Court of Appeals Sixth Circuit.

May 4, 1965.

Z. Alexander Looby, Avon N. Williams, Jr., Looby & Williams, Nashville, Tenn., Jack Greenberg, Constance Baker Motley, James M. Nabrit, III, Frank H. Heffron, New York City, for appellants.

Walter C. Leaver, Jr., Barksdale, Hudgins, Leaver, Gilbert & Frank, Nashville, Tenn., for appellee.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Appellants have filed in this court a suggestion of mootness, together with a motion to vacate the judgment of the district court and to dismiss the instant appeal on the ground of mootness. Appellee opposes the motion to vacate the judgment of the district court but does not resist the motion to dismiss the appeal.

The text of the suggestion of mootness and motion are set forth in the margin.[1] Affidavits to the effect that appellee is complying with the Civil Rights Act of 1964, Public Law 88–352, 78 Stat. 241, have been filed in support of the suggestion of mootness, executed by the Chairman of the Metropolitan Human Relations Committee appointed by the Mayor of the Metropolitan Government of Nashville and Davidson County, Tennessee, and by the vice president of the Nashville Christian Leadership Council. These affidavits certify that appellee is and has been complying with the Civil

---

1. "On June 21, 1963, some of the defendants-appellants sought service in plaintiff-appellee's cafeteria and were refused same because of their race. Thereafter, some of the defendants-appellants continued, on several occasions, to seek service, and engaged in activities, such as picketing, to protest the racially discriminatory denials of service by plaintiff-appellee.

"On April 27, 1964, a protest demonstration was held in and about plaintiff-appellee's cafeteria by some of the defendants-appellants.

"On April 28, 1964, plaintiff-appellee filed a bill of complaint against defendants-appellants in the Chancery Court of Davidson County, seeking injunctive relief against these protest demonstrations. A temporary injunction was thereafter issued.

"On June 1, 1964, defendants-appellants removed the proceeding against them from the Chancery Court of Davidson County to the United States District Court for the Middle District of Tennessee.

"On July 2, 1964, the Civil Rights Act of 1964, 78 Stat. 241, became law.

"On July 10, 1964, the Order of the United States District Court for the Middle District of Tennessee, herein appealed from, remanding the cause to the Chancery Court of Davidson County, was entered.

"Defendants-Appellants believe that plaintiff-appellee is presently complying with the Civil Rights Act of 1964, and that plaintiff-appellee's practices of racial discrimination and segregation have ceased (see attached affidavits). Therefore, defendants-appellants believe that their controversy with plaintiff-appellee, which underlies the Order appealed from herein, has ended, and suggest to this Court that the cause has become moot.

"For this reason, defendants-appellants move this Court to vacate the judgment below and to dismiss the instant appeal on the ground of mootness."

Rights Act of 1964 since immediately after its enactment, and in accordance therewith is and has been serving negro customers without regard to race or color at its cafeteria at 1720 West End Avenue, Nashville, Tennessee.

Under date of July 10, 1964, the district court remanded the case to the state court by an order which is quoted in the margin.[2]

■■ We are satisfied that the issues involved on this appeal became moot upon the enactment of the Civil Rights Act of 1964 and the compliance by appellee with that statute, and that the appeal therefore should be dismissed. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303; Gray v. Board of Trustees of the University of Tennessee, 342 U.S. 517, 72 S.Ct. 432, 96 L.Ed. 540; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620.

As said by this court in Howard v. Wilbur, 6 Cir., 166 F.2d 884, 885:

" * * * it is settled that if the question presented by an appeal has become moot the appeal will be dismissed by the appellate court without a ruling on the merits. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 133, 40 L.Ed. 293; Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620."

"A statute passed during the course of litigation may make unnecessary a determination of the former controversy." Moore's Federal Practice § 57.13.

In dismissing the appeal upon the ground of mootness, it is not necessary for this court to vacate the order of the district court, which was based upon a procedural question (See note 2), nor to pass upon the matters adjudicated therein.

Appellants' motion to dismiss the appeal is coupled with its motion to vacate the order of the district court, and is impliedly conditioned upon the granting of the latter motion. The motion to vacate the order of the district court is denied. The appeal is dismissed by the court on its own motion, upon the ground of mootness.

2. "In this action some of the defendants in the state court have filed a petition of removal to this court pursuant to 28 U.S.C.A., Sec. 1446, invoking as the basis of their right of removal 28 U.S. C.A., Sec. 1441 (the general removal statute), and 28 U.S.C.A., Sec. 1443 (a special removal statute applicable in civil rights cases).

"The plaintiff has filed a motion to remand the action to the state court on various grounds. First, that the petition for removal was not timely filed; second, that the action is not removable under the removal statutes invoked by the defendants seeking to remove; and third, that all of the defendants in the state court do not join in the petition for removal.

"After carefully considering the oral arguments and briefs of the respective parties, the Court is of the opinion that the removal statutes invoked require that all defendants join in the petition for removal unless there exists a separate and independent claim or cause of action, or unless the defendants not joining in the petition are merely nominal or formal parties. Neither exception applies in the instant case. No separate and independent claim or cause of action is set forth in the petition; and the record clearly reflects that a number of defendants served with process and who cannot be classified as nominal parties failed to join in the petition. It is well settled that defendants who have been 'both joined and served must join in the petition.' 1A Moore's Federal Practice, Sec. 0.168, page 1172.

"The Court can see no basis for holding that the civil rights removal statute relied upon does not require that all defendants join in the removal petition simply because it refers to 'the defendant' rather than to 'the defendant or the defendants' as in the case of the general removal statute. Indeed, it would seem that a stronger case could be made under the wording of the general removal statute in support of the defendants' position than under the civil rights statute, yet the courts have uniformly held, with the exceptions noted, that all defendants must join in the petition for removal under the general statute. The two statutes should be construed as being in pari materia.

"It is, therefore, ordered and adjudged that this action, be, and the same is hereby, remanded to the Chancery Court of Davidson County, Tennessee, Part II."