**In the Matter of Blair & Co., Inc., Debtor.**

**BLAIR & CO., INC. and Patrick E. Scorese, as Liquidator appointed by the New York Stock Exchange, Inc. for Blair & Co., Inc., Appellants,**

v.

**John P. FOLEY, Jr., et al., Appellees.**

**No. 144, Docket 72–1554.**

United States Court of Appeals, Second Circuit.

Submitted March 13, 1974.

Decided April 4, 1974.

Mudge, Rose, Guthrie & Alexander, New York City, for debtor-appellant Blair & Co., Inc.

Weil, Gotshal & Manges and Charles Seligson, New York City (Harvey R. Miller, Esq., and Michael L. Cook, New York City, of counsel), for liquidator-appellant.

Raines & Pollack, New York City, for appellees.

Before FRIENDLY, MANSFIELD and TIMBERS, Circuit Judges.

PER CURIAM:

On December 11, 1972, we reversed, with Judge Timbers dissenting, an order of the District Court for the Southern District of New York which had affirmed an order of a referee in bankruptcy adjudicating Blair & Co., Inc. (Blair) as an involuntary bankrupt on the petition of the above-named appellees, 471 F.2d 178. The Supreme Court granted certiorari, 411 U.S. 930, 93 S.Ct. 1901, 36 L.Ed.2d 389 (1973), and heard oral argument on November 12, 1973. The appellants in this court, who had become appellees in the Supreme Court, contended, *inter alia,* that the appeal no longer presented "a live controversy," since, subsequent to our decision, the District Court had confirmed an arrangement in a voluntary proceeding initiated by Blair under Chapter XI of the Bankruptcy Act, § 321 of which permits a debtor to file a petition thereunder "in a pending bankruptcy proceeding either before or after his adjudication." The Court remanded the case for us to con-

sider this argument, 414 U.S. 212, 94 S. Ct. 405, 38 L.Ed.2d 422 (1973).[1] We afforded the parties an opportunity to file briefs on that issue.

On its face the argument seems wholly persuasive, since a proceeding under Chapter XI can be initiated by the debtor in a pending bankruptcy under § 321 either before or after adjudication and under § 322 when there is no bankruptcy proceeding at all. And the statute clearly does not contemplate that after completion of a Chapter XI proceeding ordinary bankruptcy may ensue. Only three of appellees' contrary contentions merit discussion.

The first is based on Article IV of the arrangement, entitled "Holders of Subordinated Claims," a description concededly fitting appellees if they were creditors at all, see 471 F.2d at 180. This recites that Referee Herzog had found Blair to be hopelessly insolvent; that its assets were insufficient to pay general unsecured creditors who, in fact, were to receive only 25% of their claims; that the New York Stock Exchange would advance in excess of $15,000,000 to enable satisfaction of customer creditors and would be subrogated to their claims; and that accordingly there were no assets available for persons with claims subordinated by agreement or operation of law. Hence the arrangement was to be "without prejudice to the rights, if any, of the holders of claims against Blair which are or were subordinated by agreement or operation of law." Appellees contend that since they did not benefit from the arrangement, their alleged right to have Blair adjudicated an involuntary bankrupt remains "live." We cannot see why. Whether Blair's adjudication was proper or improper, Blair was entitled to invoke Chapter XI. If appellees desired to object to the Chapter XI proceeding and have the case revert to ordinary bankruptcy, such a motion should have been made in the Chapter XI proceeding itself, § 376. In fact appellees did seek dismissal of the Chapter XI proceeding but did not pursue this beyond the district court and did not appeal the referee's order of confirmation. Moreover, the confirmation of the arrangement does not deprive appellees of any rights since confirmation discharges a debtor from unsecured debts and liabilities only "except as provided in the arrangement or the order confirming the arrangement," § 371, and, as previously indicated, the arrangement does except appellees' claims. Since the order of confirmation has become final and its validity in no way depends on the propriety of the adjudication, the appeal from the order affirming the adjudication has lost vitality unless collateral consequences survive.

Appellees argue that one such consequence is their liability for costs on the appeal to this court in the sum of $4,833.42. But when we dismiss the appeal as having become moot, we shall also vacate the judgment for costs, see Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620 (1923)—a course we find peculiarly attractive in light of appellants' failure to press the issue of probable mootness on the appeal, see fn. 1.

The other collateral consequence is one to which the Supreme Court particularly asked us to address ourselves, 414 U.S. at 216–217, 94 S.Ct. 405, 407, 38 L.Ed.2d 422, namely, the effect of the appeal on appellees' entitlement to a reasonable attorney's fee as a priority claim in the

1. The Court considerately suggested, 414 U.S. at 216, 94 S.Ct. 405, 38 L.Ed.2d 222, that the reason we had not discussed mootness was "because the final confirmation order was not entered by the District Court until well after the appellate court had issued its judgment." The true reason, however, was that, although the Chapter XI petition was filed on April 15, 1971, two days after the referee had issued his opinion holding that Blair should be adjudicated a bankrupt, and prosecution of the ordinary bankruptcy was stayed by order dated May 18, 1971, appellants referred to this only in a footnote, gave no indication of a serious intention to proceed under Chapter XI, and made no suggestion that developments in the Chapter XI proceeding might cause the case to become moot and that we should defer decision accordingly.

Chapter XI proceeding, §§ 64a(1) and 302, for services rendered to them as petitioning creditors. We are unable to see how appellees' entitlement to this can be affected by whether the adjudication was right or wrong. Since the statute allows such a fee for the mere act of petitioning, even though no adjudication has been made, appellees' situation cannot be worse because an adjudication has been had. And even the amount of the fee should not be affected when appellees were proceeding in good faith on a close issue of law, as evidenced by the decisions in their favor by the referee and the district court, the dissent of Judge Timbers in this court, and the grant of certiorari.

The judgment for costs is vacated and the appeal is dismissed as having become moot.