# CIRCUIT COURT OF FAIRFAX COUNTY

Reston Hospital Center, L.L.C.

v.

Remley et al.

June 20, 2014

Case No. (Civil) 2009-01290

BY JUDGE THOMAS D. HORNE

This matter came before the Court on June 18, 2014, for a hearing on the Petition for Appeal filed by Reston Hospital Center, L.L.C. Following the hearing, the Court took this matter under advisement. The Court now finds as follows.

Reston Hospital filed their Notice of Appeal on December 31, 2008. The appeal arises from the Virginia State Health Commissioner's acceptance for review and approval of Inova Health Care Services, Inc.'s Certificate of Public Need (COPN) application for the addition of acute care beds and major structural improvements at Inova Fairfax Hospital and its surrounding campus. Although the original Petition for Appeal was filed on January 30, 2009, the case sat dormant from April 13, 2009, until March 9, 2012, when current counsel for Reston Hospital entered their appearance. Reston Hospital subsequently filed an Amended Petition for Appeal. The Commissioner thereafter filed a Motion to Dismiss and Plea of Sovereign Immunity, and Inova Health Care Services filed a Demurrer and Motion to Dismiss. On August 12, 2013, the Court issued a Memorandum Opinion overruling the demurrers and Plea of Sovereign Immunity.

Reston Hospital seeks to challenge the decision of the Commissioner on several grounds. Counsel have posited these as Questions Presented. They consist of the following:

1. Whether the Commissioner erred in accepting the Inova Project for review because the letter of intent (LOI) did not properly identify the scope of the project as required by 12 V.A.C. 5-220-180(A) among other things?

2. Whether the Commissioner's decision to approve the obstetrical component of the Inova Project was unlawful because it was not supported by the record and not in compliance with her statutory authority?

3. Whether the Commissioner's decision to approve the full proposed costs of the Inova Project when she did not approve the full Inova Project was unlawful?

In response to this administrative appeal, it is suggested that the challenge to the Commissioner's decision is moot and that the Court should dismiss the appeal. It has been represented that as a result of Reston Hospital's failure to timely pursue this action and in the absence of a request to stay the action of the Commissioner, construction on the project is substantially complete. *See* Va. Code Ann. § 2.2-4028.

Judicial review of the decision of the Commissioner commands that the Court determine if her decision is (1) carried out in accordance with law, (2) free from harmful procedural defects, and (3) supported by sufficient evidence. Va. Code § 2.2-4000 *et seq.*; *Avante at Roanoke v. Finnerty*, 56 Va. App. 190, 197 (2010). In that review, the Court must take a principled approach, including according deference to the decision of the Commissioner and requiring of the appellant a clear showing of an abuse of discretion. *Virginia Dep't of Health v. NRV Real Estate, L.L.C.*, 278 Va. 181 (2009).

On the concept of mootness, the Supreme Court of Virginia has noted:

> Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law . . . . Only real controversies and existing rights are entitled to invoke the exercise of their powers.

*Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013) (quoting *E.C. v. Virginia Dep't of Juvenile Justice*, 283 Va. 522, 530 (2012)). In the case of *Brownlow v. Schwartz*, the United States Supreme Court found that the case on appeal had become moot "because the permit, the issuance of which constituted the sole relief sought by petitioner, ha[d] been issued and the building to which it related ha[d] been completed." *Brownlow*, 261 U.S. 216, 217 (1923). In that case, the initial petitioner was denied a permit to erect a building for business purposes. After the Supreme Court of the District of Columbia denied the petitioner's writ of mandamus to require the issuance of a permit, the Court of Appeals reversed and remanded the case with directions to issue the writ. After this decision, but before the writ of error was filed with the United States Supreme Court, a permit was issued and the building was constructed. In its ruling, the Court stated that:

> This Court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on

which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this Court uniformly has declined to entertain.

*Id.* at 217-18 (1923) (citations omitted).

The Court finds that, in this case, Inova Health Care Services has substantially completed the additions requested in its COPN, including the construction of a new hospital building. *See* the Declaration of Neil Rolfes. Although these were not complete at the time of the filing of the Notice of Appeal, Reston Hospital had the ability to request a postponement of the effective date of the Commissioner's decision pending the outcome in this case pursuant to Virginia Code § 2.2-4028. Reston Hospital did not request a postponement and failed to pursue this case for nearly three years. Due to Reston Hospital's inaction, this case has been rendered moot by the substantial completion of the additions requested in Inova Health Care Services' COPN.

Notwithstanding the above, applying the applicable standard to a review of the record, the Court does not find that Reston Hospital has met its burden to upset the decision of the Commissioner and that the appeal should be dismissed.

Neither the provisions of § 32.1-102.1 *et seq.* nor the applicable regulations required that the LOI identify the project with greater particularity or that any defect in the LOI would give rise to the Court's overturning the Commissioner's decision. The decision reflects a consideration of all the factors relevant to the issuance of the COPN. Va. Code Ann. § 32.1-102.3:2(B). The Commissioner has adopted the adjudication officer's findings, which were thorough and complete. Lastly, the Court does not find that the Commissioner abused her discretion or acted arbitrarily or capriciously when she failed to reduce the costs of Inova's project when only part of the project was approved.

Accordingly, the Court finds that, in addition to the appeal being mooted by the passage of time and substantial construction completed in conformity with the COPN, the attack on the merits of the decision of the Commissioner is lacking in support.