## GRAY ET AL. *v.* BOARD OF TRUSTEES OF THE UNIVERSITY OF TENNESSEE ET AL.

NO. 120.

Argued January 9–10, 1952.—Decided March 3, 1952.

*Robert L. Carter* argued the cause for appellants in No. 120 and petitioners in No. 159, Misc. With him on the briefs were *Carl A. Cowan, Thurgood Marshall* and *Z. Alexander Looby.*

*John J. Hooker* argued the cause for appellees in No. 120. With him on the brief was *K. Harlan Dodson, Jr. Mr. Hooker* and *Mr. Dodson* also filed a brief for the Board of Trustees of the University of Tennessee et al. in No. 159, Misc.

*Shackelford Miller, Jr.,* U. S. Circuit Judge, and *Leslie R. Darr* and *Robert L. Taylor,* U. S. District Judges, filed a response to the rule to show cause in No. 159, Misc.

PER CURIAM.

Appellants, on behalf of themselves and other Negroes "similarly situated," sued in the District Court to enjoin appellees from alleged violations of the Fourteenth Amendment in refusing to admit Negroes to the Univer-

sity of Tennessee. A three-judge court, convened at appellants' request, held that this case was not within the jurisdiction of a three-judge court under 28 U. S. C. (Supp. IV) § 2281 and ordered that the case proceed before a single district judge. 100 F. Supp. 113. The single judge held that appellants were entitled to relief but did not enter an order. 97 F. Supp. 463.

Appellants contend that only a court of three judges has jurisdiction over the cause. No. 120 is an appeal from the order dissolving the three-judge court brought directly to this Court under 28 U. S. C. (Supp. IV) § 1253. We set the appeal down for argument, postponing consideration of jurisdictional questions. In No. 159 Misc., appellants asked, in the alternative, that we issue a writ of mandamus to vacate the order dissolving the three-judge court. We issued a rule to show cause why the petition for mandamus should not be granted, 342 U. S. 846, and, upon the filing of a response to the rule, set the petition down for argument with the appeal.

At the argument, counsel for appellees stated that appellants would be admitted to the University of Tennessee as requested. Thereafter, appellants filed a motion stating that appellant Gray has been admitted to the University and that the other appellants were, because of changed circumstances, unable to avail themselves of the opportunity at present. Appellants moved this Court to vacate the order dissolving the three-judge court and to remand the case to that court for further proceedings. Since appellants' requests for admission to the University of Tennessee have been granted and since there is no suggestion that any person "similarly situated" will not be afforded similar treatment, appellants' motion is denied and the judgments below are vacated and the District Court is directed to dismiss the action upon the ground that the cause is moot.

*It is so ordered.*