Gilbert G. HART, Jr., minor by Mrs. Gilbert G. Hart, Sr., his mother and next friend

v.

BOARD OF EDUCATION OF CHARLES COUNTY; Frank B. Wade, President; Mrs. Mary B. Jerkins, Vice-president; Mrs. Frances Dobson; Mosher Wells; Mrs. Dorothea Rees, and C. Paul Barnhart, Superintendent of Schools of Charles County.

Civ. No. 10464.

United States District Court
D. Maryland,
Civil Division.

Aug. 19, 1958.

---

Tucker R. Dearing and Juanita Jackson Mitchell, Baltimore, Md., and Jack Greenberg, New York City, for plaintiffs.

H. Vernon Eney, Robert R. Bair, and Venable, Baetjer & Howard, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Charles County, in Southern Maryland, began to desegregate its public schools in 1956, one grade a year, starting with the first grade. Four Negro children were admitted to the Indian Head Elementary School in the fall of 1956. Two dropped out during the year, but the other two have persisted; with the approval of their parents and teachers they repeated the first grade and will enter the second grade this fall. No Negro child applied for admission to any white school in the fall of 1957, but another Negro child will enter the first grade at Indian Head this September. Two of the three children live within a block of the school. The third child, who lives a mile away, and who completed the first grade at Indian Head last year, has heretofore been furnished transportation on a bus which regularly serves a Negro school but which passes both his home and the Indian Head School. In July, 1957, the parents of that child, who is the infant plaintiff in this action, requested that he be furnished transportation on one of the buses which carry white children to Indian Head. The Superintendent of Schools refused that request, in accordance with the policy of the County Board of Education, who believed that it would be unwise to desegregate school bus transportation until after the children had had some experience of desegregation in the classrooms, under the supervision of teachers and principals. Plaintiff's parents then appealed to the State Board of Education, which granted a hearing, but ruled that "the question of whether the policy of the County Board violates the constitutional rights of the appellants in this case is not within the scope of the powers of the State Board of Education, since it is a purely legal question". 3 Race Rel.L.Rep. 561. The State Board dismissed the appeal.

On April 3, 1958, the infant plaintiff, by his mother and next friend, filed this action on his own behalf and on behalf of all other Negroes similarly situated. On April 23, 1958, the County Board modified its transportation policy, as follows: "The question of transportation of a child accepted for enrollment in a school other than the one he normally would attend will be decided by the Board of Education on an individual basis". On June 18, 1958, the Superintendent notified plaintiff's parents that the Board had "approved transportation for him on one of the regular buses serving the Indian Head Elementary School effective September, 1958."

Defendants now seek to have the instant action dismissed as moot. Plaintiffs seek to have it continued as a class action.

The transportation problem in Charles County is complicated by a number of factors. Some buses carry only elementary school children, some carry children

of all grades. Some children are carried directly from home to school, but some are left at transfer points for as much as half an hour. The bus drivers have no disciplinary powers over the children; there has been considerable vandalism on the buses, and it has been difficult to keep order at the transfer points. Under an agreement with the Board of County Commissioners, the Board of Education supplies transportation on its buses to a large number of parochial school pupils, over whom the Board of Education has no control. Under these circumstances, defendants maintained segregation of the races on the buses last year except on special trips where the children were accompanied by parents or a teacher. But transportation will now be furnished to the infant plaintiff on a bus which carries only elementary grade pupils directly to a single school.

The infant plaintiff has thus obtained the relief which he sought for himself. His counsel argue, however, that the action is also a class action, and that the class consists of "all Negro children in Charles County, attending or desiring to attend 'white' public schools in which case transportation by means of a 'white school bus' is afforded white children similarly situated". In fact, plaintiff is the only Negro child attending a desegregated school who is entitled to transportation. There is no evidence that there are any other Negro children who desire to attend such a school and who would be entitled to transportation. In other words, plaintiff is the only member of the alleged class. Future cases may involve different administrative problems. It would be most unwise for this court to lay down general rules to govern hypothetical cases which may or may not arise in the future. Gray v. Board of Trustees, 1952, 342 U.S. 517, 72 S.Ct. 432, 96 L.Ed. 540; Clark v. Flory, 4 Cir., 237 F.2d 597.

Plaintiff's counsel also suggest that the plaintiff himself may be denied desegregated transportation in the future, and that the case therefore should be kept open. But there is no reason to be-

lieve that defendants will change their decision; if they do this court will grant plaintiff a prompt hearing.

This action will be dismissed as moot; all costs to be paid by defendants.