Duncan MILLER, Appellant,

v.

Stewart L. UDALL, Secretary of the Interior, Appellee.

No. 8725.

United States Court of Appeals Tenth Circuit.

Nov. 17, 1966.

Duncan Miller, pro se.

Edwin L. Weisl, Jr., Asst. Atty. Gen., William T. Thurman, U. S. Atty., H. Ralph Klem, Asst. U. S. Atty., Salt Lake City, Utah, and Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., on the brief of appellee.

Before MURRAH, Chief Judge, and SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The complaint in this action is based upon the Venue Act, 28 U.S.C. § 1391, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Judicial Review of Agency Action Act, 5 U.S.C. § 1009.

Appellant seeks a judicial review of the Secretary of the Interior's decision rejecting plaintiff's application to lease certain described minerals underlying lands in the State of Utah.

On January 8, 1965, the United States District Court for the District of Utah, Central Division, entered a judgment de-

ciding the lands in question were owned by the State of Utah, United States v. State of Utah, Civil No. C–201–62. Appellant was unsuccessful in his attempt to intervene in this action. The judgment became final; no appeal was taken within the prescribed time.

On May 5, 1965, the Secretary denied plaintiff's application for the reason that the United States was not the owner of the land. The denial recited the final decision set out above. Appellant then filed a complaint objecting to the Secretary's ruling and his reliance on the decision.

Motions for summary judgment were filed on behalf of both parties with attached affidavits and memoranda briefs. The motion of appellee argued that the United States owned no interest which it could lease under the Mineral Leasing Act of 1920, because the property, which is the river bed of the Green River, had been awarded to the State of Utah by virtue of the judgment in United States v. Utah, supra. On November 16, 1965, appellee's motion was granted.

Motions for findings and new trial were filed and denied, and thereafter, this appeal was presented, pro se by the appellant, on written briefs with no appearances for oral argument.

■■ "It is quite clear that the Declaratory Judgment Act is not to be used as a means of securing a judicial determination of moot questions. Such would be a determination of non-justiciable issues, and it is well settled that the Act is procedural only, and that its application is restricted to cases and controversies which are such in the Constitutional sense. The judicial inhibition against deciding moot questions is of course not limited to the field of declaratory judgments." 6 Moore's Federal Practice, ¶ 57.13, at 3071 (2d ed. 1965).

This circuit has held, "A court will decide only real controversies in which the rights of parties are actually involved, not abstract questions. It will not proceed to a determination when its judgment or decree cannot grant relief for want of a subject matter upon which it could operate with effect." Jackson v. Denver Producing & Refining Co., 96 F.2d 457, 461 (10th Cir. 1938).

In the instant case the "subject matter", ownership of the land, had been determined with finality by a judgment of the Federal District Court.

■ We are satisfied that the issues involved on this appeal became moot on March 10, 1965, when the judgment became final in United States v. State of Utah, Civil No. C–201–62, United States District Court for the District of Utah, Central Division. The granting of the summary judgment was proper. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Gray v. Board of Trustees, of the University of Tennessee, 342 U.S. 517, 72 S.Ct. 432, 96 L.Ed. 540 (1952); Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620 (1923).

Affirmed.