**Lorine WATKINS et al., Plaintiffs-Appellants,**

**v.**

**The CHICAGO HOUSING AUTHORITY, Defendant-Appellee.**

**No. 16678.**

United States Court of Appeals
Seventh Circuit.

Feb. 5, 1969.

Marshall Patner, Margaret Ewing, Alfred R. Lipton, Gordon H. S. Scott, Chicago, Ill., for plaintiffs-appellants.

Kathryn M. Kula, Calvin H. Hall, Louis I. Gordon, Chicago, Ill., for defendant-appellee.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.[*]

MAJOR, Senior Circuit Judge.

This is an action for declaratory judgment and injunctive relief brought under 42 U.S.C.A. Sec. 1983, and 28 U.S.C.A. Secs. 1343(3) and 2201. The named plaintiffs, twenty-three in number, sued in a representative capacity on behalf of a class of approximately 32,000 families and 140,000 persons, all tenants of The Chicago Housing Authority, a municipal corporation created in conformity with the laws of Illinois (Ill. Rev.Stats.1965, Ch. 67½, Secs. 2, 3 and 8), and financed in part by the Federal government. The appeal comes from orders of the trial court dismissing the complaint on the ground that the issues presented had become moot and denying plaintiffs' motion for summary judgment.

The complaint challenged the constitutionality of two clauses in The Chicago Housing Authority's standard lease which gave the Authority the power to evict public housing tenants at any time merely by giving fifteen days' notice

---

[*] Judge Schnackenberg participated in the hearing of oral argument and the conference of the judges above named. He died prior to the issuance of this opinion.

cancelling their lease. The clauses under attack are:

"After the original term [of one month] specified herein, this lease shall automatically be renewed for successive terms of one calendar month, until terminated by either party hereto by giving to the other party at least fifteen (15) days' written notice of such termination."

"Termination of this lease shall be by either party hereto giving to the other party hereto at least fifteen days' written notice of such termination. The exercise by either party of this power to terminate is unqualified and unrestricted, nor need any reasons be given therefor."

The Authority contends that by virtue of these clauses it may evict its tenants without giving notice of the cause, if any, for eviction and without permitting the tenant a hearing in which that cause, or lack of it, may be disputed. Plaintiffs contend that the clauses confer upon the Authority arbitrary power by which they and all other tenants were denied due process and equal protection of the laws guaranteed by the 14th Amendment.

The complaint alleged:

"The individual plaintiffs each are tenants of the Robert Taylor Homes who have actions for eviction currently pending against them in the Municipal Division of the Circuit Court of Cook County, and who bring this action on behalf of themselves, all other tenants with similar actions pending against them, and on behalf of all tenants of the Chicago Housing Authority."

The Authority moved to dismiss the complaint on the ground that the court lacked jurisdiction and failed to state a legal claim. In support of its motion, the Authority took the position that the clauses of the lease in dispute were constitutional and binding upon the parties. Consistent therewith, it claimed that it was legally entitled to evict its tenants on fifteen days' notice, with or without

cause. At the time the suit was commenced, all named plaintiffs had been served with eviction notices and sued by the Authority in a State court. During the pendency of such suits, the Authority abandoned enforcement of its State court judgments against the named plaintiffs, and reinstated them as tenants. When this stipulation was called to its attention, the court dismissed the complaint upon the basis of mootness.

The contested issues as stated in plaintiffs' brief are:

"Was a class suit for declaratory judgment and an injunction against the 'no-cause' eviction clauses in a public housing authority's lease mooted by the Authority's abandonment of individual state court eviction suits brought against the named class representatives?"

"Does the due process clause of the 14th Amendment permit a public housing authority created as a state agency and partly supported by federal funds to evict its tenants without cause or without giving notice of the cause and the opportunity to rebut it in a due process hearing?"

Inasmuch as we conclude that the case was properly dismissed on the ground of mootness, we need go no further than to consider the situation as it pertains to that issue.

■ The Federal Declaratory Judgments Act, Title 28 U.S.C.A. Sec. 2201, confers upon the district court the authority to grant certain relief only in a case of "actual controversy." Assuming that there was such a controversy between the twenty-three named plaintiffs and the Authority at the time the suit was filed, it was based on the premise that there was pending in the State court suits brought by the Authority for possession of the premises which plaintiffs occupied. When these suits were settled and all plaintiffs were restored to their original status, we think any controversy between the parties was extinguished. Such being the situation, it seems plain to us that the named plain-

tiffs were no longer entitled to maintain the action on their behalf. However, plaintiffs appear to argue on brief that they were still in a position to pursue their suit on behalf of all other tenants similarly situated.

■ It must be a novel theory, at least one to which we do not subscribe, that named plaintiffs without the right to further represent themselves can continue to represent unnamed parties allegedly in a similar situation.

Plaintiffs, with great confidence, cite a number of cases in support of their contention that an actual controversy existed between them and the Authority at the time the action was dismissed. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Stephenson v. Stephenson, 249 F.2d 203 (CA–7); Sears, Roebuck & Co. v. American Mutual Liability Insurance Co., 372 F.2d 435 (CA-7); Yellow Cab Co. v. City of Chicago, 186 F.2d 946 (CA–7), and American Casualty Co. of Reading, Pa. v. Howard, 173 F.2d 924 (CA–4).

There is little, if any, dispute as to the rule to be applied in determining when an action for declaratory relief is appropriate. The difficulty arises in applying the rule to the particular facts of a case. A review in detail of the cases relied upon by plaintiffs would unduly prolong this opinion, but we shall discuss them in brief form.

In *Aetna,* the rule is stated in headnote 3 (300 U.S. page 227, 57 S.Ct. page 461):

> "A controversy, in the constitutional sense and in the sense of the Declaratory Judgment Act, must be justiciable —it must be definite and concrete, touching the legal relation of parties having adverse legal interests—it must be a real and substantial controversy admitting of specific relief through a conclusive decree, as distinguished from an opinion advising what the law would be upon a hypothetical statement of facts."

In that case the holder of insurance policies made demand upon the insurer for the payment of certain benefits, which the insurer denied. The dispute involved a construction of the policies, and the court held that it was an actual controversy and that plaintiff was entitled to declaratory relief.

In *Stephenson,* this court affirmed the dismissal of a complaint for declaratory relief on the ground that no actual controversy existed. Plaintiffs here state on brief that *Stephenson* "described exactly this case," quoting (249 F.2d page 208):

> " * * * there is an actual controversy, justifying a resort to that [Declaratory Judgment] act, where one side makes a claim of a present, specific right and the other side makes an equally definite claim to the contrary."

Plaintiffs fail to quote the statement immediately following:

> "* * * a total absence of proof of a claim on one side makes impossible the existence of a controversy. For that reason, in the latter situation a declaratory judgment proceeding is not maintainable."

In that case the action was brought to quiet title against defendants who had no title and never claimed any interest in the subject matter of the suit. Thus, there was no actual controversy between the parties, and the trial court, affirmed by this court, dismissed the action.

In *Sears,* a declaratory judgment was sought against the defendant insurance company, seeking to obligate it to defend and indemnify Sears in an action filed by a customer against the store in a circuit court of Illinois. The action presented a controversy, the resolution of which depended upon the construction of an insurance policy. Since Sears was being subjected to an existing suit and stood to suffer damages, this court held this a proper case for declaratory relief. Obviously this is a far cry from the case before us, where the Authority dismissed all actions pending in the State

court and restored plaintiffs to their original position as tenants.

In *Yellow Cab*, this court affirmed the refusal of the trial court to grant declaratory relief. There is nothing in the case which affords any comfort to plaintiffs here.

*American Casualty* is another case between an insured and his insurance company. The plaintiff claimed that the insurer was liable, which was denied by the insurer. Thus, a controversy existed between the parties. This case is of no benefit to plaintiffs here; in fact, the reasoning of the court is more favorable to defendant than it is to plaintiffs.

The most that can be said for these cases is that they furnish some support for plaintiffs' contention that an actual controversy existed between plaintiffs and defendant at the time the suit was filed, but they carry no weight for the proposition that the controversy continued after the Authority cancelled the leases and restored plaintiffs to their original position.

Plaintiffs contend that notwithstanding the changed status of the named plaintiffs, they were still entitled to represent the numerous other unnamed persons as members of a class. This contention is devoid of merit. As already shown, there is no claim that any of the unnamed plaintiffs had been sued for possession by the Authority. To hold that they had an actual controversy with the Authority would border on the absurd. If plaintiffs' argument on this point were accepted, it would mean that any tenant could sign a lease one day and on the next day bring a suit to nullify the lease because it deprived him of his constitutional rights. No actual controversy could exist between such tenants and the Authority prior to the time the Authority took some action to cancel a lease. In other words, an actual controversy between the plaintiffs, both named and unnamed, could be engendered only when the Authority took some positive eviction action.

A case much in point on the issue of mootness is Gray et al. v. Board of Trustees of the University of Tennessee et al., 342 U.S. 517, 72 S.Ct. 432, 96 L. Ed. 540. In that case, a number of Negroes on behalf of themselves and other Negroes similarly situated sued in the district court to enjoin certain named school authorities of the State of Tennessee from denying them admission, allegedly in violation of the 14th Amendment. During oral argument before it, the Supreme Court was advised that the named plaintiffs had been admitted to the universities as requested. In response to a request by plaintiffs that the case be remanded to the district court for further proceedings, the court stated (page 518, 72 S.Ct. page 433):

> "Since appellants' requests for admission to the University of Tennessee have been granted and since there is no suggestion that any person 'similarly situated' will not be afforded similar treatment, appellants' motion is denied and the judgments below are vacated and the District Court is directed to dismiss the action upon the ground that the cause is moot."

In *Gray*, the case became moot when the school authorities admitted plaintiffs to the university, as requested. The instant case became moot when the Authority cancelled the eviction proceedings and restored plaintiffs to their original status as tenants.

Other issues are discussed which need not be decided. We hold that the district court properly dismissed the cause on the ground of mootness, and its orders appealed from are

Affirmed.

CASTLE, Chief Judge (concurring).

I concur in the result reached in Judge Major's opinion. Any issue presented which might not be considered as moot is resolved by the governing precedent furnished by Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474, Opinion issued January 13, 1969.