**Lucy Jean CALLIER, Plaintiff,**

v.

**Austin HILL, Director, Department of Public Health and Welfare, Jefferson City, Missouri, Defendant.**

**Civ. A. No. 1609.**

United States District Court,
W. D. Missouri,
Central Division.

Sept. 23, 1970.

Elmore G. Crowe, and Edward D. Summers, Jefferson City, Mo., for defendant.

## JUDGMENT OF DISMISSAL FOR MOOTNESS

WILLIAM H. BECKER, Chief Judge.

This is an action under the Federal Civil Rights Act, § 1983, Title 42, United States Code and § 1343(3) and (4) of Title 28, United States Code, in which plaintiff states that she has not been paid Aid to Dependent Children benefits "promptly" in accordance with federal statutes and regulations in that she applied for A.D.C. benefits on January 14, 1970, "received notification of appro-

val" on February 21, 1970, and had not received payment as of the date of the filing of the complaint. After the filing of the complaint, it was brought to the attention of the Court that the cause might have been mooted because plaintiff had been voluntarily accorded the relief requested herein by the holding of an administrative hearing by defendant in which it was determined that the delay in making payment was not due to circumstances within the control of the Division of Welfare. Therefore, on July 31, 1970, this Court entered its order directing plaintiff to show cause why the cause herein should not be dismissed for mootness. Plaintiff's response was filed on August 14, 1970. Therein plaintiff contended that her claim was not mooted by the holding of an administrative hearing because the federal guidelines were violated by the holding of the administrative hearing more than sixty days after the request for a hearing. Her brief reads as follows:

"On January 14, 1970, Plaintiff Callier applied for Aid to Dependent Children (A.D.C.) assistance at the Jackson County Welfare Office in Kansas City, Missouri. On February 21, 1970, that office notified Plaintiff that she was eligible to receive that assistance. However, by March 20, 1970, Plaintiff had not received her first A.D.C. check. On March 21, 1970, Plaintiff mailed to the Jackson County Welfare Department her application for an administrative hearing. She wished to appeal from that Department's failure to determine her eligibility for A.D.C. benefits, and pay her those benefits, within a reasonable time of her application therefor. Specifically, she wished to assert in her appeal that she was entitled to receive A.D.C. benefits for the month of February, 1970.

"By mid-April, 1970, Plaintiff had received no notice from the Defendant when and where her hearing would be held. On April 30, 1970, Plaintiff's former attorney, Mr. Gerald H. Kahn, wrote Defendant asking that the hearing be scheduled as soon as possible, and pointing out Defendant's responsibility under Section 6200(j) of the Federal Handbook of Public Assistance [Administration] to hear and determine applications for administrative hearings within sixty (60) days of the date of application. Defendant never replied to this letter.

"Plaintiff Callier's income was then and is now low. Any A.D.C. assistance which she might receive for the month of February, 1970, would be invaluable to her. Therefore, her interest in having a hearing on her claim for that month's benefits was strong.

"On May 26, 1970, Plaintiff filed this case in an attempt to compel Defendant to hear her appeal and to make a decision as soon as possible. Plaintiff brings this action on her behalf and on behalf of a class of persons similarly situated.

"Plaintiff contends in this cause that Part IV, Section 6200(j) of the Federal Handbook of Public Assistance Administration requires the states to hear and determine all applications for administrative hearings within sixty (60) days from the date of application. Specifically, Section 6200 (j) provides:

'Requirements for a State Plan:

'Prompt, definitive and final administrative action will be taken within sixty (60) days of the request for a fair hearing. The claimant will be notified of the decision, in writing, in the name of the state agency, and, to the extent it is available to him, of his right to judicial review.'

"Plaintiff seeks temporary and preliminary injunctive relief, a declaratory judgment, and a permanent injunction for herself and the class she seeks to represent.

"The administrative hearing for which Plaintiff had applied on or about March 21, 1970, was held on June 10, 1970, more than ninety (90) days after Plaintiff had applied for a fair hearing. The Defendant held

that Plaintiff was not entitled to A.D.C. benefits for the month of February, 1970, because the delay which had occured (sic) in determining her A.D.C. eligibility and which apparently resulted in her not receiving a check for February, 1970, was justified."

It is apparent, however, that all the relief plaintiff sought as an individual has been granted. In her complaint, plaintiff sought to require the defendant to hold an administrative hearing on her eligibility for A.D.C. benefits so that she might appeal any determination made by defendant to the state courts (under the provisions of Section 208.100 RSMo).[1] The prayer of the complaint read as follows:

"WHEREFORE, Plaintiff on behalf of herself and all members of the class similarly situated prays that this Court:

1.  Take jurisdiction of this case;

2.  Enter a temporary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure ordering Defendant to:

    a.  Act to hear and determine Plaintiff's administrative appeal immediately, such action to be completed in a time not to exceed ten days;

    b.  Act to hear and determine the administrative appeals of all other members of the class whose applications have been pending for more than sixty days; such action to be completed in a time not to exceed ten days;

    c.  Henceforth act to hear and determine all other appeals within the required sixty-day period;

3.  Enter a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure continuing the provisions of the temporary restraining order;

4.  Enter a declaratory judgment as to the duty of defendant to comply with the requirements of state and federal law by acting to hear and determine all applications for administrative hearings within sixty days from the date of application;

5.  Permanently enjoin Defendant Hill from violating the provisions of the Court's declaratory order;

6.  Order any and all other just and proper relief."

From the foregoing, it is apparent that plaintiff has received the administrative hearing which was the subject of her complaint insofar as she sought relief individually. Whether the determination made at the conclusion of the hearing was favorable to plaintiff is not within the subject matter of the complaint. Under the pleadings, the substantive decision of the defendant was sought by plaintiff in order that she might appeal it. The decision has been rendered. Plaintiff was granted the sought right to appeal the questions of timeliness and whether she should have been eligible for A.D.C. benefits for the month of February 1970. It is clear that plaintiff's cause is moot in respect of individual relief. To the contrary, plaintiff cites the principle of United States v. Concentrated Phosphate Export Association, 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344, that "mere voluntary cessation by a defendant of his allegedly illegal conduct does not automatically render plaintiff's claims against him moot, or deprive a Federal court of jurisdiction to hear them" because a case is moot only "if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Phosphate Export Association, *supra*, 393 U.S. at 203, 89 S.Ct. at 364, 21 L.Ed.2d at 349. But this case is such a case. It is impossible that defendant will again fail to hold a hearing to determine plaintiff's current entitlement to A.D.C. benefits. Plain-

1.  Plaintiff's claims for relief on administrative appeal are also moot. Defendant states that the hearing was in connection with the appeal and that a final decision was rendered on June 29, 1970, which was a final administrative decision. This is not denied by plaintiff.

tiff has been determined eligible for A. D.C. benefits. It is not within reasonable expectation that such an administrative hearing will be held again. The relief requested in the complaint has been voluntarily granted by defendant.

Plaintiff also relies on United States v. W. T. Grant Co., 345 U.S. 629, 73 S. Ct. 894, 97 L.Ed. 1303; Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed. 2d 821; Walling v. Helmerich and Payne, Inc., 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29; and United States v. Beach Associates (D.Md.) 286 F.Supp. 801, to the effect that, if the defendant does not admit the illegality of the acts from which he has ceased and desisted, a case or controversy still exists and the case is not moot. But those were cases in which the plaintiff was apt to be adversely affected by any recurrence of the illegal acts of the defendant. Three of those cases involved suits by the United States or an officer thereof to bring about cessations of violations of public laws. In such suits, the continuing interest of the Government is clear. In Gray v. Sanders, *supra*, the individual plaintiff was likely to be affected, because of his continuing right to vote, by the illegal practices sought to be enjoined in any future election. But that is unlike the case at bar, wherein plaintiff's right to an administrative determination of her eligibility to welfare benefits is alleged to be a current issue with no likelihood of a necessity of a future redetermination. Defendant is bound by separate concepts of due process to terminate plaintiff's benefits in accordance with current federal standards. It is not alleged to be likely that the benefits will soon be terminated and the termination would pose a question outside the pleadings in this case.

This case is therefore like that of Watkins v. Chicago Housing Authority (C.A.7) 406 F.2d 1234, in which 23 representatives who had sued in behalf of a class of approximately 140,000 persons were served with eviction notices and sued by a Housing Authority in state court and had suffered judgments in

those suits. But the Housing Authority abandoned enforcement of the state court judgments and reinstated the 23 class representatives as tenants. In that case, the Court concluded that "[w]hen these suits were settled and all plaintiffs were restored to the original status, we think any controversy between the parties was extinguished." 406 F.2d at 1235. The Court went on to note that the class representatives could no longer prosecute an action on behalf of the class, 406 F.2d at 1236 and 1237, because of the absence of any case or controversy. Plaintiff argues that *Watkins* is consistent with the principle that a case is not moot if it is reasonably likely that the illegal action will recur. As noted above, however, that principle is of no avail to plaintiff in this case. Plaintiff points out that the burden of proving the reasonable unlikelihood of recurrence is on defendant. But that is unnecessary in this case, wherein plaintiff has admitted that she received the administrative hearing on June 10, 1970.

Plaintiff further points out that "[e]ach member of the proposed class is asserting through Plaintiff Callier the same claims against Defendant that Plaintiff Callier is personally asserting on her own behalf. Each member is in Plaintiff Callier's position. Each has waited more than sixty (60) days for a hearing, and each faces the prospects in the future of having to wait more than sixty (60) days for Defendant to hear and determine any appeals they may file." The trouble with this argument is that this action has not yet been determined to be a class action under the provisions of Rule 23, F.R.Civ.P. Further, defendant has noted in its suggestions that plaintiff has filed no appeal under the provisions of Section 208.100 RSMo. As was stated in Watkins v. Chicago Housing Authority, *supra*, at 1236, "[i]t must be a novel theory, at least one to which we do not subscribe, that named plaintiffs without the right to further represent themselves can continue to represent unnamed parties allegedly in a similar situation." Under the provisions

of Rule 23, *supra*, plaintiff can no longer be deemed to be similarly situated to the other members of the proposed class.

Plaintiff, however, contends that she can maintain the class action even though any individual claim she has might have been mooted by the voluntary grant of relief by defendant. Again, the principal problem involved in this contention is that the Court has never entered an order in this case declaring that this is a class action. It has not been determined whether the prerequisites of a class action exist and, in fact, as noted above, the grant of relief to plaintiff has rendered her no longer similarly situated with any other members of the proposed class. Plaintiff relies on Cypress v. Newport News General and Nonsectarian Hospital Association (C.A.4) 375 F.2d 648; Buckner v. County School Board of Greene County, Virginia (C.A.4) 332 F.2d 452; Lankford v. Gelston (C.A.4) 364 F.2d 197; and Jenkins v. United Gas Corp. (C.A.5) 400 F.2d 28. Plaintiff characterizes Cypress v. Newport News General and Nonsectarian Hospital Association, *supra*, as a case in which the plaintiff, who claimed he had not been granted staff privileges because of his race, had been granted such privileges subsequent to the filing of suit, and in which the Court "held that the case was not moot as to the class even though the representative Plaintiff no longer had a claim against the Defendant." But the opinion in that case made it clear that "two appellants still remain[ed]" in addition to the plaintiff who was voluntarily granted relief, and, further, that the case was like that of Buckner v. County School Board of Greene Co., Va. (C.A.4) 332 F.2d 452, "where plaintiffs sought admission to a specified school and an injunction against the biracial school system." 375 F.2d at 658. In that case, the Court found continuing patterns of racial discrimination which would affect the personal rights of the named plaintiffs and those of the class which they represented. The Court further noted that under the rule of United States v.

W. T. Grant Co., *supra*, and Anderson v. City of Albany (C.A.5) 321 F.2d 649, the purpose of an injunction is to prevent future violations. But, in the case at bar, no future violations of the type described, and with reference to which relief was sought, can now happen. And it has not been determined that plaintiff represents any class. Buckner v. County School Board of Greene County, Va., *supra*, is sufficiently distinguished from the case at bar by the continuing nature of the alleged discriminatory practices in that case. In Lankford v. Gelston, *supra*, it was held that the retirement of the defendant police commissioner, in a suit complaining of unlawful searches of Negro residences, did not moot the case where the practice was of long standing. Again, however, that was a class action, as the case at bar is not. And, unlike the case at bar, there existed a reasonable likelihood‚ in *Lankford* that the practice would persist with reference to the plaintiffs and the class represented. Further, under Rule 25(d), F.R.Civ.P., it is provided that a successor to a public officer is automatically substituted for him when he is being sued in his official capacity. Finally, in Jenkins v. United Gas Corp., *supra*, it was held that the offer and acceptance by a Negro plaintiff charging racial discrimination of a promotion did not moot the case when it was "[w]hether in name or not, * * * perforce a sort of class action for fellow employees similarly situated" because of the "unique structure" of the Equal Employment Opportunity Act, which, with its requirement of exhaustion of administrative remedies, might otherwise "slam shut" the courthouse door to a class, none of whom had exhausted such remedies. That is not the case at bar, where other members of the purported class sought to be represented by plaintiff may individually bring suit without the requirement of exhaustion of administrative remedies. Thus, the case at bar is distinguishable from the *Jenkins* case, as it is from the other foregoing cases in that (1) the case at bar is not a class action, either

by virtue of having been declared such by this Court or by force of law, and (2) the case at bar does not involve any likelihood of violation of plaintiff's rights as pleaded in the complaint herein.

It is therefore

Adjudged that this cause be, and it is hereby, dismissed as moot. ·