999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jane MILAM; Steve Wilson; Josephine Wilson; Paul Wilson;
Simon Wilson; Bennie Wilson, Plaintiffs-Appellants,
v.
STATE OF OKLAHOMA; Robert E. Anderson, Chairman, Oklahoma
State Tax Commission; Secretary of the Department
of the Interior; United States of
America; Juanita Whisenhunt,
Defendants-Appellees.
 No. 91-7026.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 Before BRORBY, SETH and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 The appellants seek review of three rulings by the United States District Court for the Eastern District of Oklahoma: 1) denial of the appellant's motion for summary judgment, 2) the dismissal of the claims against the state of Oklahoma, and 3) summary judgment in favor of the United States. We affirm.
 
 Facts
 
 2
 The dispute concerns the estate of M. Degraffenried, a full-blood Muscogee ("Creek") Indian. On July 16, 1976, she executed a will and the Oklahoma state district court approved it as required by federal law.[1] In the will she left all of her estate to her friend, J. Whisenhunt, one of the appellees.[2] Whisenhunt is not a Creek Indian. She is also not directly related to Degraffenreid and therefore she would not be entitled to any of Degraffenreid's estate except through operation of the will.
 
 
 3
 Upon the testator's death, her will was submitted for probate in the Oklahoma state courts. The appellants, the brother of the deceased and other members of the Creek Nation, none of whom were provided for in the will,[3] contested the probate. The appellants sought removal of the probate proceedings to the United States District Court for the Eastern District of Oklahoma, alleging that the federal court had exclusive jurisdiction because the estate included real property that, by treaty, could not be transferred to individuals who were not members of the Creek Nation. The U.S. District Court remanded the case, finding that the removal action was "improvident and without jurisdiction." Case No. 88-224-C. The Tenth Circuit, in an order and judgment dated July 3, 1989, dismissed a subsequent appeal for lack of jurisdiction based on 28 U.S.C. § 1447(d) and based on the failure of the Notice of Appeal to identify the parties taking the appeal. Heaslet v. Milam (In the matter of: The estate of Martha Alexander Degraffenreid), No. 88-2358 (10th Cir. July 3, 1989).
 
 
 4
 Upon remand to the state court, appellants continued to challenge the jurisdiction of the Oklahoma state courts to conduct the probate proceedings and they raised the same jurisdictional issue that they are now raising in this federal action. The Hughes County District Court rejected the appellants' jurisdictional challenge, relying on Section 3(a) of the Stigler Act of August 4, 1947, which grants the Oklahoma state courts the "exclusive jurisdiction" to probate the wills of deceased Indians and to determine their heirs. The probate was concluded and a final decree of distribution was entered by the Hughes County District Court on January 29, 1990. Neither the ruling that the state district court had jurisdiction nor the final distribution order were appealed, and they have now become final.
 
 
 5
 On October 6, 1989, the appellants filed an independent action for declaratory relief and to quiet title in the U.S. District Court for the Eastern District of Oklahoma. The named defendants were the state of Oklahoma, the Chairman of the Oklahoma Tax Commission (Robert Anderson), the Secretary of the U.S. Department of the Interior, certain officials of the U.S. Bureau of Indian Affairs, and Whisenhunt. The appellants alleged that: (1) Degraffenreid's will was invalid because it attempted to convey restricted land to a non-Indian; (2) the will was improperly approved because the Oklahoma county courts lacked jurisdiction over the restricted lands of the Creek nation; (3) the Act granting jurisdiction over Indian probate matters to the state courts was unconstitutional because it denied the appellants their right to appeal; and (4) the Department of the Interior breached its fiduciary duty to the appellants when it failed to challenge either the validity of, or the jurisdiction of the Oklahoma courts to probate, the will in question. They prayed for relief in the form of a quiet title judgment pertaining to the land disposed of in the will, declaratory and permanent injunctive relief against the state of Oklahoma forbidding the courts and the Tax Commission from asserting jurisdiction over Creek Indian land, and declaratory relief against the federal defendants for their alleged breach of a fiduciary duty owed to the appellants.
 
 
 6
 The United States,[4] Whisenhunt, and the appellants each filed motions for summary judgment and the state of Oklahoma filed a motion to dismiss. The motions filed by the state of Oklahoma and the appellants were considered by a magistrate who issued his Findings and Recommendations on September 6, 1990. The magistrate recommended that the appellant's motion for partial summary judgment be denied, holding that res judicata barred the relitigation of the jurisdiction question that had already been determined by the Oklahoma state court. It further reasoned that jurisdiction was proper under the 1947 Act and that all restrictions on the alienation of the property terminated upon the testator's death according to the provisions of the same act. Holding that the Eleventh Amendment barred the claims against the state of Oklahoma, the magistrate recommended that the state's motion to dismiss be granted.
 
 
 7
 No objections or exceptions to the magistrate's findings were filed by the appellants and the United States District Court rendered a final order adopting the magistrate's recommendations on December 29, 1990. At the same time, the district court granted the United States' motion for summary judgment, holding that the Department of the Interior did not breach its fiduciary duty to the appellants by failing to object to the approval or probate of the will.
 
 
 8
 On January 30, 1991, the appellants filed a notice of appeal to "the final judgment and order denying appellant's motion for summary judgment." On March 29, 1991, the district court issued an order granting Whisenhunt's motion for summary judgment. In the March 29 Order the court held that the state court was within its exclusive jurisdiction when it administered and probated the will, that the Stigler Act was constitutional, and that the land in question could properly pass to non-Indians under federal law. On March 5, 1993, the district court issued an order dismissing Robert Anderson as a defendant. There was no final disposition of all claims as to all parties until Robert Anderson was dismissed. No notices of appeal were filed subsequent to the order granting Whisenhunt's motion for summary judgment or the order dismissing Anderson.
 
 Discussion
 I. Jurisdictional Issues
 
 9
 As a preliminary matter, we address sua sponte what parties and claims are properly before this court.
 
 
 10
 A. Timeliness of the Notice of Appeal.
 
 
 11
 As a general rule, an appeal is impermissible unless there has been a final disposition of all issues and as to all parties in a case. See Atlantic & Gulf Stevedores, Inc. v. Alter Co., 617 F.2d 397 (5th Cir.1980) (per curiam); Wooten v. First National Bank of St. Paul, Minnesota, 490 F.2d 1275 (8th Cir.1974) (per curiam). See generally, 28 U.S.C. § 1292. In this Circuit however, we have recognized that a notice of appeal that is premature because all claims have not been adjudicated at the time of the filing of the notice will ripen when the undisposed claims have been effectively dismissed as long as the appeal has not otherwise been disposed of by that time. Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988).
 
 
 12
 In the instant case, the appellants filed their notice of appeal on January 30, 1991. At that time, claims against Whisenhunt and Anderson were still before the district court.[5] As such, the notice of appeal was premature and ineffective. However, on March 29, 1991, the district court entered an order granting Whisenhunt's motion for summary judgment. Then, on March 5, 1993, the district court dismissed Anderson as a defendant. Consequently, on March 5, 1993, the claims against all the parties had been disposed of and the notice of appeal ripened.
 
 B. Scope of the Notice of Appeal
 
 13
 The only notice of appeal that has been filed in connection with this appeal was filed on January 30, 1991, and it specified only the order of December 29, 1990, denying the appellant's motion for summary judgment. Although the subsequent orders caused this notice to ripen, the notice of appeal can only confer jurisdiction over those orders in existence at the time it was filed. Nolan v. United States Department of Justice, 973 F.2d 843, 846 (10th Cir.1992). No notice of appeal was filed subsequent to either the district court's order of summary judgment in favor of Whisenhunt on March 29, 1991, or the order dismissing Anderson on March 5, 1993. The time limit for appeal under Fed.R.App.P. 4 expired on May 5, 1993, and accordingly, those orders have become final. Therefore, the jurisdiction of the Oklahoma state courts, the constitutionality of the Stigler Act, and the propriety of the land passing to a non-Indian are conclusively decided as to Whisenhunt and Anderson.
 
 
 14
 C. Parties Properly Identified in the Notice of Appeal
 
 
 15
 Federal Rule of Appellate Procedure 3(c) provides in pertinent part that a notice of appeal "shall specify the party or parties taking the appeal." As the Supreme Court held in Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988), "[t]he failure to name a party in a notice of appeal is more than excusable 'informality;' it constitutes a failure of that party to appeal." Although we are required to construe the rules of procedure liberally and not to avoid the merits of a claim because of "mere technicalities," Forman v. Davis, 371 U.S. 178 (1962), where the jurisdictional requirements of Fed.R.App.P. 3 have not been met, this court is unable to waive them. Torres, 487 U.S. at 316-17.
 
 
 16
 In the instant case, the body of the notice of appeal indicates that the appeal is being taken on behalf of "Jane Milam, Benny [sic] Wilson, Paul Wilson, Josephine Wilson, plaintiffs herein." Because neither Steve Wilson nor Simon Wilson are named therein, the notice of appeal is insufficient to preserve an appeal for those plaintiffs. See Torres, 487 U.S. at 316-17.[6]
 
 
 17
 However, as this court established in Hubbert v. City of Moore, 923 F.2d 769, 771-72 (10th Cir.1991), a docketing statement, which identifies by name the parties taking the appeal, can cure a defective notice of appeal if it is filed before the deadline for filing the notice of appeal has expired. In the instant case, the appellants filed a docketing statement on April 2, 1991, that identified the appellants as "Jane Milam, Joseph Wilson, Bennie Wilson, Paul Wilson, Simon Wilson and Steve Wilson." Given that we allow the notice of appeal to ripen by the subsequent disposition of remaining claims, see Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988), we construe this docketing statement also to have been filed within the required time limitation, and the appellants to have successfully cured their defective notice of appeal.
 
 D. Waiver
 
 18
 This circuit has adopted a waiver rule that applies when a party fails to object to the findings and recommendations of a magistrate. See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Boyd Motors, Inc. v. Employers Insurance of Wausau, 880 F.2d 270, 271 (10th Cir.1989); Niehaus v. Kansas Bar Ass'n., 793 F.2d 1159, 1164-65 (10th Cir.1986).[7] The failure to make timely objection to the magistrate's finding and recommendations serves as a procedural bar to appellate review of both legal and factual questions. Moore, 950 F.2d at 639.
 
 
 19
 In the instant case the magistrate filed "Findings and Recommendations" on September 6, 1990. The magistrate found that Eleventh Amendment immunity and res judicata barred the appellant's challenge to the jurisdiction of the Oklahoma state courts to probate Indian wills. The magistrate's report expressly notified the parties that "[p]ursuant to Title 28 U.S.C. § 636(b)(1) and Local Rule 32(d), parties are given ten (10) days from the above filing date to file with the Clerk of the Court any objections, with supporting brief."[8] The defendant, United States, filed an objection asserting that the magistrate failed to consider its motion for summary judgment. However, the appellants never filed objections to the magistrate's findings and recommendations. The district court issued an order on December 29, 1990 finding that "[n]o objection or exception has been filed by the plaintiffs to this recommendation and accordingly it is rendered a final order."
 
 
 20
 We find that the appellants waived their right to appellate review of the legal and factual issues decided in the September 6 magistrate's report because they failed to file timely objections. Accordingly, we decline to review the appellants' challenges to the grant of summary judgment in favor of the State of Oklahoma.[9] Further, the notice of appeal before us was filed prior to the district court's orders granting summary judgment in favor of Whisenhunt and dismissing Anderson. Therefore, we have no jurisdiction to consider those orders. Accordingly, the only issue properly before us then is the challenge to the district court's order granting summary judgment in favor of the United States.
 
 
 21
 II. Standing to Assert the Claims of a Breach of a Fiduciary Duty
 
 
 22
 In its December 29, 1990, order the district court concluded, as a matter of law, that the United States did not breach its fiduciary duty when it failed to object either to the approval or probate of the will. It based that conclusion on findings that the Oklahoma courts had exclusive jurisdiction over the will pursuant to Section 3(a) of the Stigler Act and that all restrictions upon the property expired at the time of the testator's death.
 
 
 23
 The district court questioned whether any of the plaintiffs other than Bennie Wilson had standing to raise these issues because only Bennie Wilson was an heir at law to the estate. We agree and hold that all appellants other than Bennie Wilson lack standing to pursue this appeal because they were not heirs at law and did not hold an interest in the testator's estate that would allow them to challenge the probate of the will. See Order Admitting Will to Probate, Appointing Personal Representative and Determining Heirs, Devisees and Legatees, Oklahoma State District Court, October 3, 1989, Aplt.Apx. at 76. Accordingly, Bennie Wilson is the only individual with standing to challenge the probate of the will. See Lyeth v. Hoey, 305 U.S. 188, 195 (1938).
 
 
 24
 The other appellants do not have direct interests in the testator's estate and therefore lack standing. Jane Milam, Steve Wilson, Josephine Wilson, Simon Wilson and Paul Wilson are not heirs at law, and therefore would not be entitled to a share of the testator's estate even if she had died intestate or if the will is ultimately invalidated. Under Oklahoma law, they have no standing to contest the will. See Washington & Lee University v. District Court, 492 P.2d 320 (Okla.), cert. dism. 406 U.S. 951 (1971); In re Estates of Alexander, 622 P.2d 1091, 1092-93 (Okla.App.1981); Huff, Oklahoma Probate Law and Practice, 2d ed (West: 1982) Vol. 1, § 282 at 239-240.[10] Because they have no direct interest in the estate underlying this claim we find that they likewise have no standing to assert that the BIA breached any fiduciary duty related to the will.
 
 III. Mootness
 
 25
 The appellants brought suit against the BIA under the Declaratory Judgment Act, 28 U.S.C. § 2201. See Complaint at 3-4, Aplt.Apx. at 214-15. As this Circuit has repeatedly held
 
 
 26
 A court will decide only real controversies in which the rights of the parties are actually involved, not abstract questions. It will not proceed to a determination when its judgment or decree cannot grant relief for want of a subject matter upon which it could operate with effect.
 
 
 27
 Miller v. Udall, 368 F.2d 548, 549 (10th Cir.1966) ( quoting Jackson v. Denver Producing & Refining Co., 96 F.2d 457, 461 (10th Cir.1938) (affirming dismissal of declaratory action as moot when the title of the property in controversy had been resolved in a prior suit). In this case, the subject matter in question, the distribution of the estate in probate, was finally decided by the state court in its order of January 26, 1990. That order has not been appealed and is now final. We are convinced that those issues that are properly before us on appeal became moot when the state court action became final. See Miller, 368 F.2d at 549.[11]
 
 Conclusion
 
 28
 For the foregoing reasons, the appeal is DISMISSED.[12]
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Stigler Act of August 4, 1947, P.L. No. 336, Sec. 1
 
 
 [2]
 Whisenhunt is also referred to in the briefs as Heaslet
 
 
 [3]
 The appellants claim at several points to bring their claims on behalf of the Creek Nation. However, aside from these assertions there is no indication that the appellants are, in fact, representatives of the Nation. The Creek Nation is not a named party in the action. Furthermore, there is no class certification or document in the record appointing the appellants to represent the Nation. Finally, this court received a "Motion of Muscogee (Creek) Nation to File Amicus Curiae Brief and Appear at Oral Argument," filed by the Attorney General of the Creek Nation which is strong evidence that the Creek Nation itself did not consider the appellants to be their representatives
 
 
 [4]
 The federal defendants filed a motion to substitute the United States of America in lieu of the officials of the Bureau of Indian Affairs and the Interior Department which was granted by the magistrate on August 9, 1990
 
 
 [5]
 At the time that the appellants' notice of appeal was filed, Whisenhunt's motion for summary judgment, which was filed on June 12, 1990, was still pending before the district court
 The status of Robert Anderson, the Chairman of the Oklahoma Tax Commission, as a party below and on appeal was unclear from the record so this court, sua sponte, requested supplemental briefing. All parties agreed that, to the extent that there were ever any valid claims against Anderson, they had been disposed of. Apparently, Anderson initially filed an answer and cross petition to the appellants' complaint on October 25, 1989. However, on May 18, 1990, he filed a Disclaimer withdrawing his prior pleadings and renouncing any right, title or interest in the property.
 This court continued to question its jurisdiction on the ground that the claims against Anderson had not been formally disposed of below. In an order dated March 5, 1993, the district court dismissed Anderson as a defendant with prejudice.
 
 
 [6]
 Nor does the fact that the caption of the notice of appeal indicate that the appeal is being taken on behalf of "Jane Milam, et. al [sic] plaintiffs," preserve the appeal for the remainder of the plaintiffs. Notice of Appeal of January 30, 1991. As the Supreme Court held in Torres, the use of the phrase "et al." is insufficient to preserve an appeal for those parties not specifically named in the notice of appeal. 487 U.S. at 318; see Walter v. Int'l Ass'n of Machinists Pension Fund, 949 F.2d 310, 312-13 (10th Cir.1991)
 
 
 [7]
 The local rules for the U.S. District Court for the Eastern District of Oklahoma also support the application of the waiver rule. E.D.Okla.R. 32(d) provides:
 Civil Cases--Dispositive Matters. Pursuant to 28 USC Section 636(b)(1)(B) a District Judge may designate a Magistrate to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition of any of the motions excepted from Rule 32(c), and the Magistrate shall file his proposed findings and recommendations with the Court, mailing copies thereof to all parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are filed, the Magistrate's findings may be accepted by the District Judge and appropriate orders entered without further notice.
 
 
 [8]
 Although we have joined those circuits who decline to apply the waiver to pro se appellants who are not notified of the consequences of failing to object, Moore, 950 F.2d at 659, that exception is not implicated on the facts of this case. The appellants were represented by counsel throughout the proceedings below and on appeal
 
 
 [9]
 The magistrate, in his findings and recommendations, failed to address the issues raised by the United States in its motion for summary judgment. However, in its December 29th Order, the district court found that there was no basis for the claim that the United States breached any fiduciary duty owed to the appellants because (i) Section 3(a) of the Stigler Act rested exclusive jurisdiction in the Oklahoma courts, (ii) the Stigler Act was constitutional, (iii) all restrictions on the land in question extinguished at the death of the testator. The appellant's failure to object to the magistrate's report has no effect on their ability to appeal these findings. However, the appellants do not raise the constitutionality of the Stigler Act on appeal and therefore we do not consider it
 
 
 [10]
 According to Huff's treatise:
 Any person interested may appear and contest the will. It appears "interest" must be in the result or operation of the will. That is, the person who appears to contest the will should be entitled to a share in the estate of the decedent had said decedent died intestate ... The contestant must be the present heir. Thus, a grandson of the deceased is not entitled to contest [while] his father who is the heir at law [is alive].
 Huff, Oklahoma Probate Law and Practice at 239-240.
 
 
 [11]
 Furthermore, because the claims against Juanita Whisenhunt, the recipient of the testator's estate, have been finally adjudicated in state and federal court, the testator's estate has been completely and finally disposed of. The appellants do not stand to "personally benefit in a tangible way from the court's intervention." Warth v. Seldin, 422 U.S. 490, 508 (1975). As such the appellants lack standing under Article III of the U.S. Constitution. See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38-39 (1976) (holding that Article III requires showing of an injury to the plaintiff "that is likely to be redressed by a favorable decision")
 
 
 [12]
 Although we do not reach the merits of the appellants' claims, we note that we would not be inclined to reverse if we were to reach the merits. See Stigler Act, 61 Stat. 731, Pub.L. No. 336, August 4, 1947; Dunn v. Micco, 106 F.2d 356 (10th Cir.1939); Parnacher v. Mount, 207 F.2d 788 (10th Cir.1953), cert. denied, 347 U.S. 917 (1954). See also the discussion of res judicata contained in the Magistrate's Recommendation of September 6, 1990